Marcus E. FAUBION, Jr., Appellant,

v.

THE COMMISSION FOR LAWYER DISCIPLINE, Appellee.

No. 14–01–00748–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 13, 2002.

Edwin Lamm, III, Scott T. Citek, Houston, for appellants.

Linda Acevedo, Austin, for appellees.

Panel consists of Chief Justice BRISTER and Justices ANDERSON and FROST.

## MEMORANDUM OPINION

SCOTT BRISTER, Chief Justice.

Appellant Marcus E. Faubion, Jr. appeals from the attorney's fee portion of a judgment in a disciplinary action entered against him. For the reasons stated below, we affirm. Because all dispositive issues are clearly settled in law, we issue this memorandum opinion. *See* TEX.R.APP. P. 47.1.

The facts of this appeal are known to the parties, so we do not recite them here. The trial court's order included a sanction assessing $13,200 in attorney's fees against appellant. *See* TEX.R. DISCIP. P. 1.06(T)(8)(b). He argues the Commission could not recover these fees as it failed to respond timely to discovery re-

quests for the names and opinions of testifying experts.

Although the Commission did not provide the requested information in its initial responses, it supplemented those responses in an unverified letter on May 7, 2001, at least 60 days prior to trial. Because this supplementation took place after January 1, 1999, it is governed by the amended rules of discovery. *See* Supreme Court Order of November 9, 1998, Misc. Docket No. 98–9196, 4(d). Those rules allow unverified supplements unless the requesting party points out the error, and the responding party refuses to correct it within a reasonable time. TEX.R. CIV. P. 193.5(b). Our record does not show that appellant objected or the Commission refused to correct the defect. Thus, we find no error or abuse of discretion by the trial court in allowing this testimony.

 Appellant has failed to bring forth a full reporter's record of the trial in this case, electing instead to file a two-page excerpt of testimony on attorney's fees.[1] Without following the requirements for limiting an appeal, we must assume the missing portions of the record support the judgment. TEX.R.APP. P. 34.6; *see Matthews v. Land Tool Co.*, 868 S.W.2d 25, 27 (Tex.App.-Houston [14th Dist.] 1994, no writ). Appellant's point of error is overruled, and the judgment is affirmed.

---

1. While appellant argues that his record excerpt is sufficient for appellate purposes, his reply brief contains a contingency request to supplement the record with the entire reporter's record in the event we determine his present record is insufficient. The appellate rules do not recognize such a procedure. It was up to appellant to direct the court reporter to prepare, certify and file any supplemental record he deemed necessary to present his appeal. TEX.R.APP. P. 34.6(d). In light of his failure to avail himself of that rule, we decide this case on the basis of the record he chose to file.