Affirmed as Modified and Opinion filed November 3, 2005









Affirmed
as Modified and Opinion filed November 3, 2005.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01339-CV

____________

 

JOHN WORLDPEACE, Appellant

 

V.

 

COMMISSION FOR
LAWYER DISCIPLINE, Appellee

 



 

On Appeal from the 269th
District Court

Harris County, Texas

Trial Court Cause No. 02-42081

 



 

O P I N I O N








John WorldPeace appeals from the trial
court=s judgment
disbarring him.  The Commission for
Lawyer Discipline filed a petition alleging professional misconduct against
WorldPeace in relation to his representation of five clients: Johnell Collins,
Helene Fraser-Nash, Darlene A. Williams, John Lynch, and John A. Lang.  The allegations included that he neglected
legal matters, failed to keep clients informed, failed to keep funds
segregated, engaged in conduct involving dishonesty, fraud, deceit, or
misrepresentation, failed to timely respond to complaints filed with the
district grievance committee, and failed to furnish information sought by the
committee.  A jury found WorldPeace
guilty of professional misconduct in relation to each client except Lynch.  The trial judge then entered a judgment
disbarring WorldPeace and enjoining him from the practice of law.

WorldPeace also filed a number of
counterclaims and third-party claims.  As
will be discussed in detail below, the trial court considered the counterclaims
separately and granted summary judgment on them favoring the Commission; the
court also severed the third-party claims into an independent action with a new docket number.

On appeal, WorldPeace raises twenty-five
issues, and although we will address each issue, for organizational purposes,
we group our analysis into the following six general categories:  (1) addition of complaints by different
complainants to the disciplinary petition after it was filed with the Texas
Supreme Court Clerk, (2) inclusion of injunctive language in the judgment, (3)
imposition of restitution as a sanction, (4) finality of the judgment, (5)
claims relating to the court=s orders, and (6)
alleged constitutional violations by this court.  We modify the judgment of disbarment and, as
modified, affirm.

I. 
Adding Complaints by Different Complainants

In his first four issues, WorldPeace
contends that the trial court erred in permitting the Commission to add the
complaints of additional complainants to the disciplinary petition instead of
requiring it to file new petitions with the supreme court clerk.  WorldPeace further maintains that this
procedural error prevented the trial court, and thus this court, from obtaining
jurisdiction over the additional complaints.








Procedurally, once the Commission has
recommended disbarment after hearings, a respondent attorney may elect a trial
de novo (as WorldPeace did here) under Rule 2.14 of the Texas Rules of
Disciplinary Procedure.  Tex. R. Disciplinary P. 2.14, reprinted
in Tex. Gov=t Code Ann., tit. 2, subtit.
G, app. A-1 (Vernon 1998).[1]  Under Rule 3.01, the Commission must then
file a disciplinary petition with the supreme court clerk.  Id. 3.01.  The petition must include a description of
the conduct giving rise to the allegations. 
Id. 3.01D.  Upon receipt of
the petition, the clerk brings it to the attention of the supreme court, which
must then appoint a district judge to preside over the proceedings.  Id. 3.02.  

Here, the original disciplinary petition
filed by the Commission with the supreme court clerk included only the
complaints raised by complainant Collins. 
After the case was assigned to a court and a district judge, the
Commission filed an amended petition adding the Fraser-Nash, Williams, Lynch,
and Lang complaints.[2]  WorldPeace contends that complaints by
different complainants cannot be added to a petition that has already been
filed and assigned; instead, he argues, such complaints must be raised in
wholly new petitions filed with the clerk. 
We disagree.








As stated, Rule 3.01 requires that a
petition be filed with the clerk when a respondent attorney elects for trial de
novo.  Id. 3.01.  It also provides certain requirements for
disciplinary petitions.  Id.
3.01D.  However, it does not expressly
refer to subsequent amendment of the petition or the addition of complaints by
different complainants.  Nor would a
requirement that additional complaints be filed in new petitions serve any
discernable purpose.  WorldPeace does not
offer any authority or cognizable policy rationale for requiring new petitions
to be filed with the clerk, and we discern no such rationale.[3]  To the contrary, concerns of judicial economy
clearly suggest that new petitions should not be required.  Accordingly, we believe that the addition of
complaints by different complainants after a petition has been assigned does
not violate the letter or the spirit of the Rules.

Furthermore, Rule 3.08B of the Rules of
Disciplinary Procedure states that the Rules of Civil Procedure apply in
disciplinary proceedings except as varied by the Rules of Disciplinary
Procedure.  Id. 3.08.  Rule 51(a) of the Rules of Civil Procedure
permits a party to join as many claims as it may have against the opposing
party.  Tex.
R. Civ. P. 51(a); see also Allison v. Ark. La. Gas Co., 624
S.W.2d 566, 568 (Tex. 1981) (holding that matters of joinder are within the
trial court=s discretion, and its decision will not be
reversed absent an abuse of that discretion); Varme v. Gordon, 881
S.W.2d 877, 882 (Tex. App.CHouston [14th
Dist.] 1994, writ denied) (stating that trial courts have Aa great deal of
discretion in matters of joinder@ under Rule
51(a)).  Because the Rules of
Disciplinary Procedure do not clearly vary the practice of permissive joinder
of claims under Rule 51(a), that rule governs the joinder of claims in
disciplinary actions.  Cf. Diaz v.
Comm=n for Lawyer Discipline, 953
S.W.2d 435, 437 (Tex. App.CAustin 1997, no
pet.) (citing Rule 51(a) and rejecting the argument that the Commission could
not assert additional violations not raised in original complaint).[4]  WorldPeace does not dispute that joinder was
proper under Rule 51(a).  Accordingly, we
hold that the trial court did not abuse its discretion in permitting the
additional complaints to be added to the existing petition.  We overrule WorldPeace=s first four
issues.








II. Injunctive Language

In his fifth and sixth issues, WorldPeace
contends that the judgment does not conform to the pleadings because it grants
injunctive relief to the Commission when the Commission did not plead for such
relief.  In his seventh issue, WorldPeace
contends that the judgment is void because it does not include specific
language regarding injunctive relief from Rule 3.11.  Tex.
R. Disciplinary P. 3.11.  We will
address the fifth and sixth issues first.

Generally, a trial court=s judgment must
conform to the pleadings filed in the case. 
Tex. R. Civ. P. 301.  Specifically, a trial court cannot grant
relief that is not supported by the pleadings.  Stoner v. Thompson, 578 S.W.2d 679, 683
(Tex. 1979).  The ultimate purpose of
pleadings is to give the adversary parties notice of each others= claims and
defenses and the relief sought.  Perez
v. Briercroft Serv. Corp., 809 S.W.2d 216, 218 (Tex. 1991).  Pleadings should generally be construed as
favorably as possible to the pleader. 
Gulf, C. & S.F. Ry. Co. v. Bliss, 368 S.W.2d 594, 599 (Tex.
1963).[5]








WorldPeace is correct that the Commission
did not expressly use the terms Ainjunction@ or Ainjunctive relief@ in its
petition.  It is clear, however, and
WorldPeace acknowledges, that the Commission did plead for his disbarment.  Under Rule 3.11 of the disciplinary rules, a
sanction of disbarment requires the trial court to enjoin the responding
attorney from practicing law or holding himself out as an attorney eligible to
practice law.  Tex. R. Disciplinary P. 3.11. 
Thus, to plead for disbarment is necessarily to plead for injunctive
relief because the very essence of a disbarment is that the person is barred (i.e.,
enjoined) from practicing law.  See id.  Consequently, the Commission=s pleadings gave
adequate notice that it was seeking injunctive relief, and the injunctive
language in the judgment could not have taken WorldPeace by surprise.  See Rivero v. Blue Keel Funding, L.L.C.,
127 S.W.3d 421, 424-25 (Tex. App.CDallas 2004, no
pet.) (holding that pleading supported judgment and gave fair notice of claim
against party even though it did not include specific prayer for the relief
granted); cf. Perez, 809 S.W.2d at 218.[6]  Because the judgment conforms to the
pleadings, WorldPeace=s arguments to the contrary are without
merit.  We overrule WorldPeace=s fifth and sixth
issues.

In his seventh issue, WorldPeace contends
that the judgment is void because it does not include verbatim the language
from Rule 3.11.  The judgment states that
WorldPeace is Apermanently enjoined from practicing law
in Texas [and] from holding himself out as an attorney.@  WorldPeace complains that the judgment does
not quote Rule 3.11 exactly in that (1) it adds the word Apermanently@ at the beginning
of the quoted phrase, and (2) it omits the clause Aeligible to
practice law during the period of disbarment@ from the end of
the phrase.  WorldPeace postulates that
by this addition and this omission, the trial court=s judgment
prevents him from ever seeking reinstatement. 
See generally Tex. R.
Disciplinary P. 11.01-11.08 (governing reinstatement after disbarment or
resignation).  While we do not
necessarily agree that the trial court erred in its choice of language in the
judgment, in the interest of clarity, we sustain issue seven in part and modify
the judgment.  The judgment is modified
by deleting the word Apermanently@ from the passage
excerpted above and inserting the phrase Aeligible to
practice law during the period of disbarment@ at the end of the
passage.

III. 
Restitution








In his eighth through eleventh issues and
fifteenth through eighteenth issues, WorldPeace attacks the trial court=s grant of
restitution to four of the complainants. 
His issues pertain to (1) the doctrine of res judicata as a bar to
restitution, (2) the lack of a jury question relating to three complainants,
(3) the effect of the severance of his alleged counterclaims for fees, and (4)
the prerequisite of disbarment to restitution.

WorldPeace first argues that the doctrine
of res judicata bars the award of restitution to Collins.  Prior to institution of the current
disciplinary proceedings by the Commission, WorldPeace had filed suit against
Collins for payment of fees for his representation of Collins.[7]  WorldPeace now argues that any claim by
Collins (or by the Commission on Collins=s behalf) is
barred by res judicata because it would have constituted a compulsory
counterclaim in the prior suit, which Collins did not raise.  See generally Tex. R. Civ. P. 97(a) (governing compulsory counterclaims).

Res judicata is an affirmative defense,
which the proponent has the burden to plead and prove.  Welch v. Hrabar, 110 S.W.3d 601, 606
(Tex. App.CHouston [1st Dist.] 2003, pet.
denied).  Although WorldPeace pleaded res
judicata regarding the Collins complaint, the issue was not submitted to the
jury, and the trial court did not make a finding on the issue.  Consequently, WorldPeace=s argument can
only be that he proved res judicata as a matter of law.  See Tex.
R. Civ. P. 279 (providing that all claims and defenses not submitted to
the jury and not conclusively proven are waived); see also City of Keller v.
Wilson, 48 Tex. Sup. Ct. J. 848, 850-64, 2005 WL 1366509, at *2-14 (June
10, 2005) (providing standards of review in legal sufficiency challenges).  Because no reporter=s record has been
filed in this appeal, we cannot tell what proof, if any, WorldPeace offered
during trial to establish res judicata.  See
Faubion v. Comm=n for Lawyer Discipline, 79 S.W.3d 264,
265 (Tex. App.CHouston [14th Dist.] 2002, no pet.).  Furthermore, WorldPeace does not cite to any
proof in the clerk=s record which would establish res
judicata, and our review of the clerk=s record has
revealed none.








On appeal, WorldPeace requests that we
judicially notice the prior lawsuit involving Collins.  Even if we were to do so, our notice could
not satisfy WorldPeace=s burden of proof in the trial court.  See Lexington Ins. Co. v. Gray,
775 S.W.2d 679, 688-89 (Tex. App.CAustin 1989, writ
denied) (holding that res judicata defense, based on theory that cause of
action was a compulsory counterclaim in prior lawsuit, could not be raised for
first time on appeal); Berry v. Berry, 780 S.W.2d 846, 849 n.3 (Tex.
App.CDallas 1989)
(holding that res judicata cannot be raised for first time on appeal), rev=d on other grounds, 786 S.W.2d 672
(Tex. 1990).  In various motions to vacate, modify,
and clarify judgment, filed below, WorldPeace had also requested that the trial
court judicially notice the file in the prior lawsuit.  However, WorldPeace does not claim on appeal
that the trial court erred in refusing to judicially notice the file.  A court cannot take judicial notice of the
records of another court in another case unless a party provides proof of those
records.  Richards v. Comm=n for Lawyer Discipline, 35 S.W.3d 243, 251 (Tex. App.CHouston [14th Dist.] 2000, no pet.); see
also Anders v. Mallard & Mallard, Inc., 817 S.W.2d 90, 94-95 (Tex. App.CHouston [1st Dist.] 1991, no writ)
(holding that there was no evidence of collateral estoppel because party failed
to provide trial court with certified copy of petition from prior
lawsuit).  WorldPeace does not cite to
any proof that he
provided the trial court regarding the prior lawsuit, and we have discovered
none in the record.  WorldPeace has
failed to show that he conclusively proved his res judicata affirmative
defense.  Accordingly, we overrule issue
eight and issues fifteen through eighteen.








WorldPeace next argues that the awards of
restitution for Fraser-Nash, Williams, and Lang were improper because no issue
was submitted to the jury regarding funds of those complainants.  He asserts that because restitution can be
awarded under Rule 3.12 only for misapplication of funds, the trial court was
required to submit such an issue to the jury prior to awarding
restitution.  Tex. R. Disciplinary P. 3.12. 
This argument is incorrect for two reasons.  First, the court would not have to submit a
jury issue on misapplication of funds if the evidence conclusively demonstrated
a misapplication of funds in regard to these complainants. See Tex. R. Civ. P. 279.  WorldPeace does not address this
possibility.  Second, the Rules of
Disciplinary Procedure do not limit restitution awards to situations involving
the misapplication of funds.  Rule 3.12,
cited by WorldPeace, requires restitution in cases involving the
misapplication of funds, but it does not prohibit that remedy in other
situations.  Instead, restitution appears
to be a generally available sanction. 
Rule 1.06 defines Asanction@ under the rules
so as to include restitution as an Aancillary
requirement.@  Id.
1.06T(a).[8]  Rule 3.09 states that when the respondent=s conduct is found
to constitute AProfessional Misconduct, the court shall
determine the appropriate Sanction or Sanctions to be imposed.@  Id. 3.09. AProfessional
Misconduct@ is not limited to conduct involving the
misapplication of funds.  See id.
1.06Q (defining AProfessional Misconduct@).  Thus, the trial court had discretion to award
restitution notwithstanding the lack of a finding on misapplication of
funds.  WorldPeace=s ninth issue is
overruled.

Next, WorldPeace contends that Lang should
not have been awarded restitution after WorldPeace=s counterclaim
against him for fees was severed.  Beyond
stating this contention as an issue, WorldPeace offers no argument or citations
to the record or to authority.  He has
therefore waived this contention.  See
Tex. R. App. P. 38.1(h).  Accordingly, we overrule issue ten.

Lastly, WorldPeace contends that the trial
court could not have properly awarded restitution in the absence of
disbarment.  Again, except for stating
this contention in a point of error, WorldPeace offers no argument or citations
to the record or to authority.  He has
therefore waived this contention.  See
id.  Moreover, because we affirm the
trial court=s disbarment of WorldPeace, this
contention appears moot.  Accordingly, we
overrule issue eleven.

IV. 
Finality








In issues twelve, thirteen, and fourteen,
WorldPeace contends that the trial court has not issued a final, appealable
order because it has not disposed of all causes of action and parties in the
lawsuit.[9]  In issue twelve, WorldPeace specifically
contends that the judgment of disbarment did not constitute a final, appealable
order.  The judgment incorporates by
reference an order severing certain third-party claims by WorldPeace against
Lang and Apodaca and an order granting the Commission=s motion for
summary judgment in regard to counterclaims raised by WorldPeace. WorldPeace argues that these three
ordersCthe order of severance, the summary
judgment order, and the judgment of disbarmentCdo not make sense when read together
and do not account for all causes and parties, especially certain
third-parties, third-party claims, and counterclaims.  We disagree. 
The judgment of disbarment clearly explains that prior to trial, the
court severed WorldPeace=s third party claims against Lang and Apodaca.  The severance order itself states that these
claims were made the subject of an independent action with a new docket
number.  The judgment of disbarment
further states that the court considered WorldPeace=s counterclaims separately from the
Commission=s allegations of misconduct and
granted summary judgment against those counterclaims.[10]  The summary judgment order confirms this
disposition.  The remainder of the
judgment concerns the findings of the jury and the holdings of the trial court
in relation to the Commission=s misconduct allegations and the remedies therefor.

The court=s orders and judgment are clearCthe claims that were severed into a
new action were the third-party claims against Lang and Apodaca, and the claims
considered in a separate trial (and on which summary judgment was granted) were
WorldPeace=s counterclaims.[11]   Although WorldPeace suggests that the trial
court=s orders do not correspond with what
the court represented it was going to do prior to trial, because no reporter=s record was supplied in this case,
we cannot determine what representations the court may have made.  See Faubion, 79 S.W.3d at
265.[12] 
The disposition of all claims and parties is clear from the record we
have before us.








Under issue twelve, WorldPeace specifically argues that the
following matters were not disposed of in the dispositive documents[13]:
(1) his third party claim against Collins and (2) his addition of the Texas
Attorney General as a party.[14]  To the contrary, the dispositive documents
clearly disposed of all causes of action and parties properly before the court
at the time the documents were signed on August 27, 2003.  The judgment incorporates the summary
judgment order, which states that the court had not granted leave to file any
pleadings other than those named in the order and, specifically, had not
granted leave to file pleadings after the date of submission, July 28,
2003.  WorldPeace filed supplemental
pleadings on August 5 and August 13, adding, respectively, the Collins claim
and the attorney general claims. 
WorldPeace argues that because he filed these documents prior to the
signing of the dispositive documents, the court was required to either permit
the additional claims in the main lawsuit or add them to the claims that were
being severed.  However, he offers no
argument or authority as to why this argument should prevail.  See generally Tex. R. App. P. 38.1(h) (requiring that appellant provide Aclear and concise
argument for the contentions made, with appropriate citations to authorities
and to the record@). 
Trial courts have considerable discretion in managing their dockets,
including setting reasonable time limitations for filing and amending
pleadings.  See Cont=l Casing Corp. v.
Siderca Corp., 38 S.W.3d 782, 790-91 (Tex. App.CHouston [14th
Dist.] 2001, no pet.); Cruz v. Morris, 877 S.W.2d 45, 47 (Tex. App.CHouston [14th
Dist.] 1994, no pet.).  Because
WorldPeace offers no explanation or authority as to how the trial court
allegedly abused its discretion regarding the Collins and attorney general
claims, we find his conclusory argument without merit.  Issue twelve is overruled.








In issue thirteen, WorldPeace complains
that (1) certain causes of action and defenses raised in his pleadings were not
addressed in the summary judgment order, tried to the jury, or severed; and (2)
the trial court abused its discretion in granting a no-evidence summary
judgment against certain of his claims because the motion did not list the
elements for each cause of action on which the Commission alleged there was no
evidence.  Based on these two
allegations, WorldPeace contends that the resulting judgment of disbarment was
interlocutory and therefore was not ripe for appeal, citing Rule 301 of the
Rules of Civil Procedure.  Tex. R. Civ. P. 301.

Regarding the first complaint, WorldPeace
contends that certain causes of action and defenses were not expressly disposed
of by the severance, the trial, or the summary judgment.  WorldPeace lists among these causes and defenses his (1) Asuit within a suit@ defense, (2) counterclaim for
violation of his right against self-incrimination, (3) res judicata affirmative
defense, and (4) defense and counterclaim regarding multiple complainants in
one proceeding.[15]  The trial court considered only WorldPeace=s counterclaims
separately, not his defenses.  Therefore,
his defenses would have had to have been considered, if at all, during the jury
trial.  Under Rule 279 of the Rules of
Civil Procedure, any defenses existing at the time of trial (i.e., that
have not been otherwise disposed of, separated, or severed) are waived unless
conclusively proven or at least one element of which is submitted in the jury
charge.  Id. 279.  WorldPeace makes no argument that any of
these defenses were either conclusively proven or submitted to the jury in any
form.  Thus, these defenses were waived.








Regarding his alleged counterclaim for violation of his right against
self-incrimination, WorldPeace cites a portion of his pleadings that appears to
be a defensive argument concerning allegations under Rule 804 of the Texas
Disciplinary Rules of Professional Conduct. 
Tex. Disciplinary R. Prof=l Conduct 804, reprinted
in Tex. Gov=t Code Ann., tit. 2, subtit.
G, app. A-1 (Vernon 2005).[16] 
Unlike the constitutional claims discussed below, the heading of this
section does not identify it as a counterclaim but merely says ARegarding Rule 801 and 804 TDRPC.@ 
Further,
the arguments are clearly made as explanations for WorldPeace=s conduct, not as
affirmative counterclaims.[17]  Accordingly, we find that WorldPeace did not
plead a cause of action based on any alleged violation of his right against self-incrimination.

In regards to his alleged counterclaim for
Amultiple complainants in one
disciplinary proceeding,@ WorldPeace provides no citation at
all.  Nowhere in his 62-page petition
does WorldPeace raise what he denotes on appeal as a counterclaim regarding
this issue.  Because (1) the defenses
WorldPeace identifies were waived at trial, and (2) he did not plead the
counterclaims he identifies, WorldPeace=s argument that
the judgment of disbarment was not final because the motion for summary
judgment failed to address certain defenses and counterclaims is without merit.








WorldPeace=s second argument
under issue thirteen is that the Commission did not list in its motion the
elements for each cause of action on which it alleged there was no
evidence.  Because of this omission, he
contends, the summary judgment order could not dispose of those claims, and
therefore, the judgment of disbarment was interlocutory.[18]  However, the Texas Supreme Court has made it
clear that finality is assessed based on whether the order or judgment disposes
of the entire case and not on whether there was an adequate motion or other
legal basis for the disposition.  See
Ritzell v. Espeche, 87 S.W.3d 536, 537-38 (Tex. 2002); Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 205-06 (Tex. 2001).[19]  Thus, in considering finality, we do not look
to the analytical sufficiency of the motion for summary judgment to determine
whether the summary judgment order disposed of WorldPeace=s claims; rather,
we look to the summary judgment order itself. 
In this case, the summary judgment order granted the motion for summary
judgment on all causes of action identified therein.[20]  Accordingly, WorldPeace=s arguments that
the judgment of disbarment was interlocutory because the trial court improperly
granted the motion for summary judgment is without merit.  We overrule issue thirteen.








In issue fourteen, WorldPeace contends
that because the Commission=s motion
constituted general demurrer, the summary judgment order could not have
properly disposed of all claims attacked in the motion; therefore, he argues,
the judgment of disbarment was interlocutory.[21]  See Tex.
R. Civ. P. 90 (prohibiting use of general demurrers).  He maintains that the Commission wrongly
stated in its motion that the only causes of action he could raise for
constitutional violations would fall under Section 1983.  42 U.S.C.A.
' 1983 (West
2003).  He asserts that his claims were
actually state law claims seeking only injunctive relief, citing City of
Beaumont v. Bouillion, 896 S.W.2d 143 (Tex. 1995), et al.  Although it is unclear exactly what WorldPeace
is attempting to argue, he appears to suggest that because the Commission
asserted in its motion that the only constitutional claims he could bring would
be under Section 1983, this statement was tantamount to saying that he had not
stated any other type of claim, thus transforming the motion into a general
demurrer.  We do not read the motion in
such a strict light.  In context, the
statement appears to be less an attack on any state law cause of action and
more an attempt to identify the basis for WorldPeace=s causes of
action.[22]  Clearly, at no point in the motion does the
Commission suggest that any of WorldPeace=s causes of action
should be dismissed because of a failure to state a cause of action.  Further, since the motion identifies each of
WorldPeace=s causes of action verbatim from the
language he used, it is clear that the motion attacked each of these causes of
action, and thus, the summary judgment order disposed of each of the causes of
action.  Accordingly, the judgment of
disbarment was not interlocutory.  We
overrule issue fourteen.

V. 
Claims Regarding the Trial Court=s Orders

In issues nineteen through twenty-four,
WorldPeace presents a hodge-podge of arguments relating to the dispository
documents: the order of
severance, the summary judgment order, and the judgment of disbarment.  As indicated below, we have already addressed
the merits of many of these issues in our discussion of issue twelve above.








In issue nineteen, WorldPeace contends
that the trial court abused its discretion in refusing to clarify its order of
severance because it conflicts with the summary judgment order and judgment of
disbarment.  However, as discussed above,
the order of severance is clear in regard to which causes it severed, and it
comports with the summary judgment order and the judgment of disbarment.  We overrule issue nineteen.  In issue twenty-four, WorldPeace contends
that the judgment of disbarment does not make sense.  As also discussed above, the judgment does
make sense, and, by incorporation of the severance order and summary judgment
order, it disposes of all causes of action and parties in the lawsuit.  Accordingly, issue twenty-four is overruled.

In issue twenty, WorldPeace contends that
the trial court abused its discretion in carelessly using the legal terms Asever@ and Aseparate@ in an oral
pre-trial ruling.  WorldPeace asserts
that the trial court misused or confused these terms when it discussed (1)
severing his claims against Lang and Apodaca and (2) considering his
counterclaims separately from the rule violations.  WorldPeace acknowledges, however, that there
is no reporter=s record before this court referencing the
alleged misuse of these terms; thus, we cannot address the merits of WorldPeace=s arguments.  See Faubion, 79 S.W.3d at 265.[23]  Further, WorldPeace intimates that the
Commission=s motion for severance was confusing.  As discussed above, we find that the trial
court=s order of
severance and judgment of disbarment incorporating the severance are clear.[24]  Accordingly, issue twenty is overruled.

In issue twenty-one, WorldPeace contends
that the trial court erred in considering the Commission=s motion for
summary judgment because it was filed with an incorrect cause number.  However, WorldPeace offers no argument or
citations to the record or to authority in support of this contention.  Accordingly, it is waived.  See Tex.
R. App. P. 38.1(h).  Issue
twenty-one is overruled.








In issues twenty-two and twenty-three,
WorldPeace argues that the trial court erred in severing his allegedly
compulsory counterclaims against Lang and Apodaca.[25]  The Rules of Civil Procedure define Acompulsory
counterclaim@ as

any claim within
the jurisdiction of the court, not the subject of a pending action, which at
the time of filing the pleading the pleader has against any opposing party, if
it arises out of the transaction or occurrence that is the subject matter of
the opposing party=s claim and does not require for its
adjudication the presence of third parties of whom the court cannot acquire
jurisdiction . . . .  

Tex. R. Civ. P. 97(a).  Lang and Apodaca were not parties to the suit
until WorldPeace filed his alleged counterclaims against them for quantum
meruit (payment of fees).[26]  To get around this fact, WorldPeace asserts
that in prosecuting the rules violations based on Lang=s and Apodaca=s complaints, the
Commission Astepped into the shoes@ of Lang and
Apodaca for all purposes connected to the underlying facts.  Thus, WorldPeace concludes, his claims
against Lang and Apodaca were actually compulsory counterclaims.  He cites Rule 4.06(a) of the Rules of
Disciplinary Procedure in support of his argument that the Commission takes the
place of the complainants in the suit.  Tex. R. Disciplinary P. 4.06(a).  Although the Rule does require the Commission
to exercise Aall rights characteristically reposed in a
client,@ it clearly limits
the context to Alawyer disciplinary and disability
proceedings only.@  Id.[27]  Thus, the Commission is not empowered to, and
does not, Astep into the shoes@ of the
complaining witness for all purposes pertaining to the responding attorney=s representation
of the complaining witness.








Furthermore, Rule 15.05 provides that a
judgment from a disciplinary proceeding is to have no res judicata effect
against later claims raised by either the complaining witness or the responding
attorney.  Id. 15.05.[28]  The doctrine of res judicata bars a party who
fails to assert a compulsory counterclaim in one action from asserting that
claim in a later action.  Ingersoll‑Rand
Co. v. Valero Energy Corp., 997 S.W.2d 203, 206-07 (Tex. 1999).  Since, under Rule 15.05, WorldPeace would not
be barred by res judicata from filing his claims against Lang and Apodaca in a
separate action, these claims should not be considered compulsory
counterclaims.[29]  WorldPeace=s argument that
the trial court erred in severing his claims against Lang and Apodaca is based
on an incorrect premise.  Accordingly, we
overrule issues twenty-two and twenty-three.

VI. 
Constitutional Violations

In issue twenty-five, WorldPeace contends
that this court violated his constitutional rights to due process and equal
protection by denying his request to obtain a reporter=s record free of
charge based on alleged pauper status and by denying his request to exceed the
fifty-page limitation on appellate briefs. 
See generally Tex. R. App.
P. 20.1 (governing claims of indigence on appeal); 38.4 (governing
length of appellate briefs and providing that appellate court Amay@ permit a longer
brief); Great Am. Mortage Corp. v. Plows, 783 S.W.2d 3, 4-5  (Tex. App.CFort Worth 1989,
order) (discussing reasons for denying request for page extension).  Appellant offers no substantive argument,
only cursory statements; he also fails to provide citations to the record or to
relevant authority for either of his allegations.  Consequently, these arguments are not
properly briefed.  See Tex. R. App. P. 38.1(h).  We overrule issue twenty-five.








VII. 
Conclusion

We modify the trial court=s judgment of
disbarment by deleting the word Apermanently@ from the passage
discussed above that enjoins WorldPeace from practicing law in Texas and by
inserting the phrase Aeligible to practice law during the period
of disbarment@ at the end of that passage.  We affirm the judgment as modified.

 

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Opinion filed November 3, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.











[1]  The Rules of
Disciplinary Procedure have been amended effective January 1, 2004.  See Tex. R. Disciplinary P., reprinted in Tex. Gov=t Code
Ann., tit. 2, subtit.
G, app. A-1 (Vernon 2005).  However, the present action is governed by
the former rules because it was commenced prior to the effective date of the
amended rules.  See id.
1.04.  Accordingly, except for the
citations in this footnote and footnote 28 infra, all citations to the
rules in this opinion are to the rules in effect at the time this action was
commenced.





[2]  It is
important to note that the adding of complaints by additional complainants was
in reality the addition of new grounds by the Commission and did not add
parties to the lawsuit.  See Tex. R.
Disciplinary P. 3.01
(providing that petition is filed in the name of the Commission).  When the Commission added the additional
complaints, the only parties remained the Commission and WorldPeace.  It was only later that WorldPeace added
certain of the complainants as third party defendants, and these claims were
severed by the trial court.





[3]  In
disciplinary proceedings, it is neither unusual for complaints by multiple complainants
to be brought in a single action nor rare or inappropriate for disciplinary
petitions to be amended after they are assigned to a judge.  See, e.g., Bellino v. Comm=n for Lawyer Discipline, 124 S.W.3d 380 (Tex. App.CDallas 2003, pet. denied) (involving multiple
complainants); Vickery v. Comm=n
for Lawyer Discipline, 5 S.W.3d 241,
265 (Tex. App.CHouston [14th Dist.] 1999, pet. denied) (permitting
trial amendment of petition); Wade v. Comm=n for Lawyer Discipline, 961 S.W.2d 366 (Tex. App.CHouston [1st Dist.] 1997, no writ) (involving multiple
complainants).





[4]  WorldPeace
relies heavily on Weiss v. Commission for Lawyer Discipline, 981 S.W.2d 8 (Tex. App.CSan Antonio 1998, pet.
denied).  In Weiss, the court
expressly disagreed with the Diaz court and held that in a trial de
novo, the Commission could assert only allegations that were contained in the
original complaint and allegations that appeared during the preliminary
investigation of the original complaint. 
Weiss, 981 S.W.2d at 14. 
In Diaz, the court cited Rule 51(a) and stated that the
Commission could join as many claims as it may have.  953 S.W.2d at 437; see also Sandoval v. Comm=n for Lawyer Discipline, 25 S.W.3d 720, 721 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied) (citing Diaz with approval); Hawkins v. Comm=n for Lawyer Discipline, 988 S.W.2d 927, 939 (Tex. App.CEl Paso 1999, pet. denied)
(same).  These cases, however, dealt with
different subject matter than the case before us.  Diaz and Weiss
dealt with whether the Commission could add allegations that were not among
the original complaints filed with the Commission.  The issue here is whether the Commission can
add complaints from additional complainants to the petition after it has
been assigned to a judge.  WorldPeace
does not contend that the complaints of the additional complainants were not
originally filed with the Commission. 
Thus, neither Diaz nor Weiss is directly applicable.





[5]  Worldpeace
does not assert that he filed special exceptions, and we have not located any
in the record.





[6]  The Perez
court stated:

 

Ultimately, the purpose of
pleadings is to give the adversary parties notice of each parties= claims and defenses, as well as
notice of the relief sought.  This
purpose is served, however, when the defendant pleads a defense or limitation
of liability which contemplates a particular remedy; then the plaintiff is
entitled to that relief despite a failure to plead specifically for such
relief.

 

809 S.W.2d at 218.





[7]  Collins was
ultimately successful in defending against WorldPeace=s claims.





[8]  In its
judgment, the trial court specifically cited Rule 1.06T, and not Rule 3.12, as
the basis for the restitution awards.





[9]  We previously
considered and denied WorldPeace=s Motion
to Dismiss Appeal for Lack of Jurisdiction, which included many of the same
arguments raised in issues twelve through fourteen.  WorldPeace=s
supplemental motions are hereby denied.





[10]  WorldPeace=s specific arguments regarding finality in relation to
the summary judgment order are discussed below under issues thirteen and
fourteen.





[11]  We further
note that trial courts have considerable discretion to sever claims, and no
motion to sever is necessary for it to do so. 
Tex. R. Civ. P. 41; Aviation
Composite Technologies, Inc. v. CLB Corp., 131 S.W.3d 181, 187 &
n.5  (Tex. App.CFort Worth 2004, no pet.).





[12]  Additionally,
see the discussion of issue twenty below.





[13]  For purposes
of this discussion, we refer to the order of severance, the summary judgment
order, and the judgment of disbarment as Athe
dispositive documents.@





[14]  WorldPeace
additionally contends under issue twelve that his request for injunctive relief
relating to his allegations of constitutional violations was not disposed of by
the trial court.  However, he also makes
this argument under issue thirteen. 
Because the issue appears more logically addressed under issue thirteen,
we will address it in that context and not specifically under issue
twelve.  See fn.20 infra.





[15]  WorldPeace
also lists an allegedly separate cause of action seeking injunctive relief
among those not addressed by the summary judgment.  This cause is discussed below as it is more
relevant to the second argument under issue thirteen.  See fn.20 infra.





[16]  Specifically,
WorldPeace addresses the Commission=s
allegations under Rule 8.04(a)(8), which states:

 

A lawyer shall not . . . fail to timely furnish to the
Chief Disciplinary Counsel=s office or a district grievance committee a response
or other information as required by the Texas Rules of Disciplinary Procedure,
unless he or she in good faith timely asserts a privilege or other legal ground
for failure to do so.

 

WorldPeace asserted in his pleading that he had a
constitutional right to remain silent and thus did not violate Rule 8.04(a)(8)
by failing to timely furnish information.





[17]  For example,
that section of the pleading concludes: AWorldPeace
had a right to remain silent and that is exactly what he did at the grievance
portion of the disciplinary process.@





[18]  The motion
makes numerous assertions about issues on which the Commission alleged that
WorldPeace could provide no evidence. 
However, WorldPeace offers no specific analysis of how these assertions
were deficient or could not be a basis for granting summary judgment.  WorldPeace lists the following causes in
regard to this argument: (1) violation of his constitutional right to equal
protection, (2) violation of his due process rights, (3) right to an award of
attorney=s fees, (4) unconstitutional range of punishment, (5)
the unconstitutionally oppressive, arbitrary, and capricious Rules of
Disciplinary Procedure, and (6) sanctions under Rule 13 and the Civil Practice
and Remedies Code.





[19]  In Lehmann,
the supreme court defined the concept of Afinal
but erroneous@ to classify summary judgment orders that are facially
final but grant more relief than was requested in the motion for summary
judgment.  39 S.W.3d at 200.





[20]  WorldPeace
contends that because he had pleaded a cause of action for injunctive relief
that was not mentioned in the Commission=s
motion, the motion and the order did not reach that cause of action; therefore,
he argues, the judgment was interlocutory. 
However, in his pleading, WorldPeace explicitly tied the request for
injunctive relief to his constitutional claims; indeed, he states in his brief
that his constitutional claims were always solely injunctive in nature.  These are the very claims the Commission
addressed in its motion and that, consequently, the trial court disposed of
when it signed the summary judgment order. 
In other words, in disposing of the constitutional claims, the trial
court necessarily also disposed of the request for injunctive relief expressly
tied to success on those claims.





[21]  A Ageneral demurrer@ is an
allegation by a defendant that a plaintiff has failed to state a cause of
action in his or her petition.  Black=s Law Dictionary 432-33 (6th ed. 1990).





[22]  Indeed, since
the trial had already taken place by the time the motion for summary judgment
was submitted and the Commission had, in effect, completed the actions that
WorldPeace contended violated his constitutional rights, it would have been
logical for the Commission=s attorneys to conclude that WorldPeace=s constitutional claims were for damages under Section
1983 instead of for injunctive relief. 
WorldPeace also raised each of these claims as defenses available at
trial.  Thus, it is unclear why he would
raise the claims as separate causes of action seeking an injunction instead of
as Section 1983 claims for damages.





[23]  WorldPeace did
attach to his brief what purports to be an excerpt from a reporter=s record in the case below.  However, we cannot consider documents
attached as appendices to briefs and must consider a case based solely upon the
record filed.  Cherqui v. Westheimer
Street Festival Corp., 116 S.W.3d 337, 342 n.2 (Tex. App.CHouston [14th Dist.] 2003, no pet.).





[24]  See
fn.11 supra.





[25]  A claim is
properly severable if (1) the controversy involves more than one cause of
action, (2) the severed claim is one that would be the proper subject of a
lawsuit if independently asserted, and (3) the severed claim is not so
interwoven with the remaining action that they involve the same facts and
issues.  Guar. Fed. Sav. Bank v.
Horseshoe Operating Co., 793 S.W.2d 652, 658 (Tex. 1990); Aviation
Composite Technologies, 131 S.W.3d at 188.





[26]  It should be
noted that WorldPeace actually styled the claims against Lang and Apodaca as
third-party claims and not counterclaims.





[27]  It should also
be noted that Rule 4.06(a) does not impose the duties and obligations of a
client on the Commission; for example, the rule presumably would not support
holding the Commission liable for unpaid fees.





[28]  In the current
version of the Rules of Disciplinary Procedure, this provision is now contained
in Rule 15.03.  Tex. R.
Disciplinary P. 15.03,
reprinted in Tex. Gov=t Code
Ann., tit. 2, subtit.
G, app. A-1 (Vernon 2005).





[29]  Stated another
way, the fact that Rule 15.05 specifically provides that disciplinary
proceedings do not prevent the lawyer and his client from subsequently suing
each other based on the same facts underlying the disciplinary proceeding
strongly supports the conclusion that Rule 4.06(a) does not mean that the
Commission steps into the shoes of the complaining witness for purposes of
compulsory counterclaims.