John WORLDPEACE, Appellant,

v.

COMMISSION FOR LAWYER
DISCIPLINE, Appellee.

No. 14–03–01339–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 3, 2005.

Rehearing Overruled Jan. 12, 2006.

John WorldPeace, Houston, pro se.

Jerald Grimes Molleston, Jr., Houston, Linda Acevedo, Austin, for appellee.

Panel consists of Chief Justice HEDGES and Justices FOWLER and FROST.

## OPINION

ADELE HEDGES, Chief Justice.

John WorldPeace appeals from the trial court's judgment disbarring him. The Commission for Lawyer Discipline filed a petition alleging professional misconduct against WorldPeace in relation to his representation of five clients: Johnell Collins, Helene Fraser–Nash, Darlene A. Williams, John Lynch, and John A. Lang. The allegations included that he neglected legal matters, failed to keep clients informed, failed to keep funds segregated, engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, failed to timely respond to complaints filed with the district grievance committee, and failed to furnish information sought by the committee. A jury found WorldPeace guilty of professional misconduct in relation to each client except Lynch. The trial judge then entered a judgment disbarring WorldPeace and enjoining him from the practice of law.

WorldPeace also filed a number of counterclaims and third-party claims. As will be discussed in detail below, the trial court considered the counterclaims separately and granted summary judgment on them favoring the Commission; the court also severed the third-party claims into an independent action with a new docket number.

On appeal, WorldPeace raises twenty-five issues, and although we will address each issue, for organizational purposes, we group our analysis into the following six general categories: (1) addition of complaints by different complainants to the disciplinary petition after it was filed with the Texas Supreme Court Clerk, (2) inclusion of injunctive language in the judgment, (3) imposition of restitution as a sanction, (4) finality of the judgment, (5) claims relating to the court's orders, and (6) alleged constitutional violations by this court. We modify the judgment of disbarment and, as modified, affirm.

## I. Adding Complaints by Different Complainants

In his first four issues, WorldPeace contends that the trial court erred in permitting the Commission to add the complaints of additional complainants to the disciplinary petition instead of requiring it to file new petitions with the supreme court clerk. WorldPeace further maintains that this procedural error prevented the trial court, and thus this court, from obtaining jurisdiction over the additional complaints.

Procedurally, once the Commission has recommended disbarment after hearings, a respondent attorney may elect a trial de novo (as WorldPeace did here) under Rule 2.14 of the Texas Rules of Disciplinary Procedure. TEX.R. DISCIPLINARY P. 2.14, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A–1 (Vernon 1998).[1] Under Rule 3.01, the Commission must then file a disciplinary petition with the supreme court clerk. *Id.* 3.01. The petition must

---

1. The Rules of Disciplinary Procedure have been amended effective January 1, 2004. *See* TEX.R. DISCIPLINARY P., *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A–1 (Vernon 2005). However, the present action is governed by the former rules because it was

commenced prior to the effective date of the amended rules. *See id.* 1.04. Accordingly, except for the citations in this footnote and footnote 28 *infra*, all citations to the rules in this opinion are to the rules in effect at the time this action was commenced.

include a description of the conduct giving rise to the allegations. *Id.* 3.01D. Upon receipt of the petition, the clerk brings it to the attention of the supreme court, which must then appoint a district judge to preside over the proceedings. *Id.* 3.02.

Here, the original disciplinary petition filed by the Commission with the supreme court clerk included only the complaints raised by complainant Collins. After the case was assigned to a court and a district judge, the Commission filed an amended petition adding the Fraser–Nash, Williams, Lynch, and Lang complaints.[2] WorldPeace contends that complaints by different complainants cannot be added to a petition that has already been filed and assigned; instead, he argues, such complaints must be raised in wholly new petitions filed with the clerk. We disagree.

As stated, Rule 3.01 requires that a petition be filed with the clerk when a respondent attorney elects for trial de novo. *Id.* 3.01. It also provides certain requirements for disciplinary petitions. *Id.* 3.01D. However, it does not expressly refer to subsequent amendment of the petition or the addition of complaints by different complainants. Nor would a requirement that additional complaints be filed in new petitions serve any discernable purpose. WorldPeace does not offer any authority or cognizable policy rationale for requiring

new petitions to be filed with the clerk, and we discern no such rationale.[3] To the contrary, concerns of judicial economy clearly suggest that new petitions should not be required. Accordingly, we believe that the addition of complaints by different complainants after a petition has been assigned does not violate the letter or the spirit of the Rules.

■ Furthermore, Rule 3.08B of the Rules of Disciplinary Procedure states that the Rules of Civil Procedure apply in disciplinary proceedings except as varied by the Rules of Disciplinary Procedure. *Id.* 3.08. Rule 51(a) of the Rules of Civil Procedure permits a party to join as many claims as it may have against the opposing party. TEX.R. CIV. P. 51(a); *see also Allison v. Ark. La. Gas Co.,* 624 S.W.2d 566, 568 (Tex.1981) (holding that matters of joinder are within the trial court's discretion, and its decision will not be reversed absent an abuse of that discretion); *Varme v. Gordon,* 881 S.W.2d 877, 882 (Tex.App.-Houston [14th Dist.] 1994, writ denied) (stating that trial courts have "a great deal of discretion in matters of joinder" under Rule 51(a)). Because the Rules of Disciplinary Procedure do not clearly vary the practice of permissive joinder of claims under Rule 51(a), that rule governs the joinder of claims in disciplinary actions. *Cf. Diaz v. Comm'n for Lawyer Discipline,*

2. It is important to note that the adding of complaints by additional complainants was in reality the addition of new grounds by the Commission and did not add parties to the lawsuit. *See* TEX.R. DISCIPLINARY P. 3.01 (providing that petition is filed in the name of the Commission). When the Commission added the additional complaints, the only parties remained the Commission and WorldPeace. It was only later that WorldPeace added certain of the complaints as third party defendants, and these claims were severed by the trial court.

3. In disciplinary proceedings, it is neither unusual for complaints by multiple complainants to be brought in a single action nor rare or inappropriate for disciplinary petitions to be amended after they are assigned to a judge. *See, e.g., Bellino v. Comm'n for Lawyer Discipline,* 124 S.W.3d 380 (Tex.App.-Dallas 2003, pet. denied) (involving multiple complainants); *Vickery v. Comm'n for Lawyer Discipline,* 5 S.W.3d 241, 265 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (permitting trial amendment of petition); *Wade v. Comm'n for Lawyer Discipline,* 961 S.W.2d 366 (Tex. App.-Houston [1st Dist.] 1997, no writ) (involving multiple complainants).

953 S.W.2d 435, 437 (Tex.App.-Austin 1997, no pet.) (citing Rule 51(a) and rejecting the argument that the Commission could not assert additional violations not raised in original complaint).[4] WorldPeace does not dispute that joinder was proper under Rule 51(a). Accordingly, we hold that the trial court did not abuse its discretion in permitting the additional complaints to be added to the existing petition. We overrule WorldPeace's first four issues.

## II. Injunctive Language

In his fifth and sixth issues, WorldPeace contends that the judgment does not conform to the pleadings because it grants injunctive relief to the Commission when the Commission did not plead for such relief. In his seventh issue, WorldPeace contends that the judgment is void because it does not include specific language regarding injunctive relief from Rule 3.11. TEX.R. DISCIPLINARY P. 3.11. We will address the fifth and sixth issues first.

Generally, a trial court's judgment must conform to the pleadings filed in the case. TEX.R. CIV. P. 301. Specifically, a trial court cannot grant relief that is not supported by the pleadings. *Stoner v.*

*Thompson,* 578 S.W.2d 679, 683 (Tex.1979). The ultimate purpose of pleadings is to give the adversary parties notice of each others' claims and defenses and the relief sought. *Perez v. Briercroft Serv. Corp.,* 809 S.W.2d 216, 218 (Tex.1991). Pleadings should generally be construed as favorably as possible to the pleader. *Gulf, C. & S.F. Ry. Co. v. Bliss,* 368 S.W.2d 594, 599 (Tex. 1963).[5]

WorldPeace is correct that the Commission did not expressly use the terms "injunction" or "injunctive relief" in its petition. It is clear, however, and WorldPeace acknowledges, that the Commission did plead for his disbarment. Under Rule 3.11 of the disciplinary rules, a sanction of disbarment *requires* the trial court to enjoin the responding attorney from practicing law or holding himself out as an attorney eligible to practice law. TEX.R. DISCIPLINARY P. 3.11. Thus, to plead for disbarment is necessarily to plead for injunctive relief because the very essence of a disbarment is that the person is barred (i.e., enjoined) from practicing law. *See id.* Consequently, the Commission's pleadings gave adequate notice that it was seeking injunctive relief, and the injunctive language in the judgment could not have taken WorldPeace by surprise. *See Rivero v. Blue Keel*

---

4. WorldPeace relies heavily on *Weiss v. Commission for Lawyer Discipline,* 981 S.W.2d 8 (Tex.App.-San Antonio 1998, pet. denied). In *Weiss,* the court expressly disagreed with the *Diaz* court and held that in a trial de novo, the Commission could assert only allegations that were contained in the original complaint and allegations that appeared during the preliminary investigation of the original complaint. *Weiss,* 981 S.W.2d at 14. In *Diaz,* the court cited Rule 51(a) and stated that the Commission could join as many claims as it may have. 953 S.W.2d at 437; *see also Sandoval v. Comm'n for Lawyer Discipline,* 25 S.W.3d 720, 721 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (citing *Diaz* with approval); *Hawkins v. Comm'n for Lawyer Discipline,* 988 S.W.2d 927, 939 (Tex.App.-El Paso 1999, pet. denied) (same). These cases,

however, dealt with different subject matter than the case before us. *Diaz* and *Weiss* dealt with whether the Commission could add allegations *that were not among the original complaints filed with the Commission.* The issue here is whether the Commission can add complaints *from additional complainants* to the petition after it has been assigned to a judge. WorldPeace does not contend that the complaints of the additional complainants were not originally filed with the Commission. Thus, neither *Diaz* nor *Weiss* is directly applicable.

5. WorldPeace does not assert that he filed special exceptions, and we have not located any in the record.

*Funding, L.L.C.*, 127 S.W.3d 421, 424–25 (Tex.App.-Dallas 2004, no pet.) (holding that pleading supported judgment and gave fair notice of claim against party even though it did not include specific prayer for the relief granted); *cf. Perez*, 809 S.W.2d at 218.[6] Because the judgment conforms to the pleadings, WorldPeace's arguments to the contrary are without merit. We overrule WorldPeace's fifth and sixth issues.

In his seventh issue, WorldPeace contends that the judgment is void because it does not include verbatim the language from Rule 3.11. The judgment states that WorldPeace is "permanently enjoined from practicing law in Texas [and] from holding himself out as an attorney." WorldPeace complains that the judgment does not quote Rule 3.11 exactly in that (1) it adds the word "permanently" at the beginning of the quoted phrase, and (2) it omits the clause "eligible to practice law during the period of disbarment" from the end of the phrase. WorldPeace postulates that by this addition and this omission, the trial court's judgment prevents him from ever seeking reinstatement. *See generally* TEX.R. DISCIPLINARY P. 11.01–11.08 (governing reinstatement after disbarment or resignation). While we do not necessarily agree that the trial court erred in its choice of language in the judgment, in the interest of clarity, we sustain issue seven in part and modify the judgment. The judgment is modified by deleting the word "permanently" from the passage excerpted above and inserting the phrase "eligible to practice law during the period of disbarment" at the end of the passage.

## III. Restitution

In his eighth through eleventh issues and fifteenth through eighteenth issues, WorldPeace attacks the trial court's grant of restitution to four of the complainants. His issues pertain to (1) the doctrine of res judicata as a bar to restitution, (2) the lack of a jury question relating to three complainants, (3) the effect of the severance of his alleged counterclaims for fees, and (4) the prerequisite of disbarment to restitution.

■ WorldPeace first argues that the doctrine of res judicata bars the award of restitution to Collins. Prior to institution of the current disciplinary proceedings by the Commission, WorldPeace had filed suit against Collins for payment of fees for his representation of Collins.[7] WorldPeace now argues that any claim by Collins (or by the Commission on Collins's behalf) is barred by res judicata because it would have constituted a compulsory counterclaim in the prior suit, which Collins did not raise. *See generally* TEX.R. CIV. P. 97(a) (governing compulsory counterclaims).

■ Res judicata is an affirmative defense, which the proponent has the burden to plead and prove. *Welch v. Hrabar*, 110 S.W.3d 601, 606 (Tex.App.-Houston [1st Dist.] 2003, pet. denied). Although WorldPeace pleaded res judicata regarding the Collins complaint, the issue was not submitted to the jury, and the trial court

---

**6.** The *Perez* court stated:

Ultimately, the purpose of pleadings is to give the adversary parties notice of each parties' claims and defenses, as well as notice of the relief sought. This purpose is served, however, when the defendant pleads a defense or limitation of liability which contemplates a particular remedy; then the plaintiff is entitled to that relief despite a failure to plead specifically for such relief.

809 S.W.2d at 218.

**7.** Collins was ultimately successful in defending against WorldPeace's claims.

did not make a finding on the issue. Consequently, WorldPeace's argument can only be that he proved res judicata as a matter of law. *See* TEX.R. CIV. P. 279 (providing that all claims and defenses not submitted to the jury and not conclusively proven are waived); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 48 Tex. Sup.Ct. J. 848, 850–64, 2005 WL 1366509, at *2–14 (June 10, 2005) (providing standards of review in legal sufficiency challenges). Because no reporter's record has been filed in this appeal, we cannot tell what proof, if any, WorldPeace offered during trial to establish res judicata. *See Faubion v. Comm'n for Lawyer Discipline*, 79 S.W.3d 264, 265 (Tex.App.-Houston [14th Dist.] 2002, no pet.). Furthermore, WorldPeace does not cite to any proof in the clerk's record which would establish res judicata, and our review of the clerk's record has revealed none.

■ On appeal, WorldPeace requests that we judicially notice the prior lawsuit involving Collins. Even if we were to do so, our notice could not satisfy WorldPeace's burden of proof in the trial court. *See Lexington Ins. Co. v. Gray*, 775 S.W.2d 679, 688–89 (Tex.App.-Austin 1989, writ denied) (holding that res judicata defense, based on theory that cause of action was a compulsory counterclaim in prior lawsuit, could not be raised for first time on appeal); *Berry v. Berry*, 780 S.W.2d 846, 849 n. 3 (Tex.App.-Dallas 1989) (holding that res judicata cannot be raised for first time on appeal), *rev'd on other grounds*, 786 S.W.2d 672 (Tex.1990). In various motions to vacate, modify, and clarify judgment, filed below, WorldPeace had also requested that the trial court judicially notice the file in the prior lawsuit. However, WorldPeace does not claim on appeal that the trial court erred in refusing to judicially notice the file. A court cannot take judicial notice of the records of another court in another case unless a party provides proof of those records. *Richards v. Comm'n for Lawyer Discipline*, 35 S.W.3d 243, 251 (Tex.App.-Houston [14th Dist.] 2000, no pet.); *see also Anders v. Mallard & Mallard, Inc.*, 817 S.W.2d 90, 94–95 (Tex.App.-Houston [1st Dist.] 1991, no writ) (holding that there was no evidence of collateral estoppel because party failed to provide trial court with certified copy of petition from prior lawsuit). WorldPeace does not cite to any proof that he provided the trial court regarding the prior lawsuit, and we have discovered none in the record. WorldPeace has failed to show that he conclusively proved his res judicata affirmative defense. Accordingly, we overrule issue eight and issues fifteen through eighteen.

■ WorldPeace next argues that the awards of restitution for Fraser–Nash, Williams, and Lang were improper because no issue was submitted to the jury regarding funds of those complainants. He asserts that because restitution can be awarded under Rule 3.12 only for misapplication of funds, the trial court was required to submit such an issue to the jury prior to awarding restitution. TEX.R. DISCIPLINARY P. 3.12. This argument is incorrect for two reasons. First, the court would not have to submit a jury issue on misapplication of funds if the evidence conclusively demonstrated a misapplication of funds in regard to these complainants. *See* TEX.R. CIV. P. 279. WorldPeace does not address this possibility. Second, the Rules of Disciplinary Procedure do not limit restitution awards to situations involving the misapplication of funds. Rule 3.12, cited by WorldPeace, *requires* restitution in cases involving the misapplication of funds, but it does not *prohibit* that remedy in other situations. Instead, restitution appears to be a generally available

sanction. Rule 1.06 defines "sanction" under the rules so as to include restitution as an "ancillary requirement." *Id.* 1.06T(a).[8] Rule 3.09 states that when the respondent's conduct is found to constitute "Professional Misconduct, the court shall determine the appropriate Sanction or Sanctions to be imposed." *Id.* 3.09. "Professional Misconduct" is not limited to conduct involving the misapplication of funds. *See id.* 1.06Q (defining "Professional Misconduct"). Thus, the trial court had discretion to award restitution notwithstanding the lack of a finding on misapplication of funds. WorldPeace's ninth issue is overruled.

■ Next, WorldPeace contends that Lang should not have been awarded restitution after WorldPeace's counterclaim against him for fees was severed. Beyond stating this contention as an issue, WorldPeace offers no argument or citations to the record or to authority. He has therefore waived this contention. *See* TEX. R.APP. P. 38.1(h). Accordingly, we overrule issue ten.

■ Lastly, WorldPeace contends that the trial court could not have properly awarded restitution in the absence of disbarment. Again, except for stating this contention in a point of error, WorldPeace offers no argument or citations to the record or to authority. He has therefore waived this contention. *See id.* Moreover, because we affirm the trial court's disbarment of WorldPeace, this contention appears moot. Accordingly, we overrule issue eleven.

## IV. Finality

■ In issues twelve, thirteen, and fourteen, WorldPeace contends that the trial court has not issued a final, appealable order because it has not disposed of all causes of action and parties in the lawsuit.[9] In issue twelve, WorldPeace specifically contends that the judgment of disbarment did not constitute a final, appealable order. The judgment incorporates by reference an order severing certain third-party claims by WorldPeace against Lang and Apodaca and an order granting the Commission's motion for summary judgment in regard to counterclaims raised by WorldPeace. WorldPeace argues that these three orders—the order of severance, the summary judgment order, and the judgment of disbarment—do not make sense when read together and do not account for all causes and parties, especially certain third-parties, third-party claims, and counterclaims. We disagree. The judgment of disbarment clearly explains that prior to trial, the court severed WorldPeace's third party claims against Lang and Apodaca. The severance order itself states that these claims were made the subject of an independent action with a new docket number. The judgment of disbarment further states that the court considered WorldPeace's counterclaims separately from the Commission's allegations of misconduct and granted summary judgment against those counterclaims.[10] The summary judgment order confirms this disposition. The remainder of the judgment concerns the findings of the jury and

---

**8.** In its judgment, the trial court specifically cited Rule 1.06T, and not Rule 3.12, as the basis for the restitution awards.

**9.** We previously considered and denied WorldPeace's Motion to Dismiss Appeal for Lack of Jurisdiction, which included many of the same arguments raised in issues twelve

through fourteen. WorldPeace's supplemental motions are hereby denied.

**10.** WorldPeace's specific arguments regarding finality in relation to the summary judgment order are discussed below under issues thirteen and fourteen.

the holdings of the trial court in relation to the Commission's misconduct allegations and the remedies therefor.

The court's orders and judgment are clear—the claims that were severed into a new action were the third-party claims against Lang and Apodaca, and the claims considered in a separate trial (and on which summary judgment was granted) were WorldPeace's counterclaims.[11] Although WorldPeace suggests that the trial court's orders do not correspond with what the court represented it was going to do prior to trial, because no reporter's record was supplied in this case, we cannot determine what representations the court may have made. *See Faubion,* 79 S.W.3d at 265.[12] The disposition of all claims and parties is clear from the record we have before us.

Under issue twelve, WorldPeace specifically argues that the following matters were not disposed of in the dispositive documents[13]: (1) his third party claim against Collins and (2) his addition of the Texas Attorney General as a party.[14] To the contrary, the dispositive documents clearly disposed of all causes of action and parties properly before the court at the time the documents were signed on August 27, 2003. The judgment incorporates the summary judgment order, which states that the court had not granted leave to file any pleadings other than those named in the order and, specifically, had not granted

leave to file pleadings after the date of submission, July 28, 2003. WorldPeace filed supplemental pleadings on August 5 and August 13, adding, respectively, the Collins claim and the attorney general claims. WorldPeace argues that because he filed these documents prior to the signing of the dispositive documents, the court was required to either permit the additional claims in the main lawsuit or add them to the claims that were being severed. However, he offers no argument or authority as to why this argument should prevail. *See generally* Tex.R.App. P. 38.1(h) (requiring that appellant provide "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). Trial courts have considerable discretion in managing their dockets, including setting reasonable time limitations for filing and amending pleadings. *See Cont'l Casing Corp. v. Siderca Corp.,* 38 S.W.3d 782, 790–91 (Tex.App.-Houston [14th Dist.] 2001, no pet.); *Cruz v. Morris,* 877 S.W.2d 45, 47 (Tex.App.-Houston [14th Dist.] 1994, no pet.). Because WorldPeace offers no explanation or authority as to how the trial court allegedly abused its discretion regarding the Collins and attorney general claims, we find his conclusory argument without merit. Issue twelve is overruled.

In issue thirteen, WorldPeace complains that (1) certain causes of action and defenses raised in his pleadings were not

---

11. We further note that trial courts have considerable discretion to sever claims, and no motion to sever is necessary for it to do so. Tex.R. Civ. P. 41; *Aviation Composite Technologies, Inc. v. CLB Corp.,* 131 S.W.3d 181, 187 & n. 5 (Tex.App.-Fort Worth 2004, no pet.).

12. Additionally, see the discussion of issue twenty below.

13. For purposes of this discussion, we refer to the order of severance, the summary judgment order, and the judgment of disbarment as "the dispositive documents."

14. WorldPeace additionally contends under issue twelve that his request for injunctive relief relating to his allegations of constitutional violations was not disposed of by the trial court. However, he also makes this argument under issue thirteen. Because the issue appears more logically addressed under issue thirteen, we will address it in that context and not specifically under issue twelve. *See* fn.20 *infra.*

addressed in the summary judgment order, tried to the jury, or severed; and (2) the trial court abused its discretion in granting a no-evidence summary judgment against certain of his claims because the motion did not list the elements for each cause of action on which the Commission alleged there was no evidence. Based on these two allegations, WorldPeace contends that the resulting judgment of disbarment was interlocutory and therefore was not ripe for appeal, citing Rule 301 of the Rules of Civil Procedure. TEX.R. CIV. P. 301.

■ Regarding the first complaint, WorldPeace contends that certain causes of action and defenses were not expressly disposed of by the severance, the trial, or the summary judgment. WorldPeace lists among these causes and defenses his (1) "suit within a suit" defense, (2) counterclaim for violation of his right against self-incrimination, (3) res judicata affirmative defense, and (4) defense and counterclaim regarding multiple complainants in one proceeding.[15] The trial court considered only WorldPeace's counterclaims separately, not his defenses. Therefore, his defenses would have had to have been considered, if at all, during the jury trial. Under Rule 279 of the Rules of Civil Procedure, any defenses existing at the time of trial (*i.e.*, that have not been otherwise disposed of, separated, or severed) are

waived unless conclusively proven or at least one element of which is submitted in the jury charge. *Id.* 279. WorldPeace makes no argument that any of these defenses were either conclusively proven or submitted to the jury in any form. Thus, these defenses were waived.

■ Regarding his alleged counterclaim for violation of his right against self-incrimination, WorldPeace cites a portion of his pleadings that appears to be a defensive argument concerning allegations under Rule 804 of the Texas Disciplinary Rules of Professional Conduct. TEX. DISCIPLINARY R. PROF'L CONDUCT 804, *reprinted in* TEX. GOV'T CODE ANN., T. 2, subt. G App. A, Art 10, § 9 (Vernon 2005).[16] Unlike the constitutional claims discussed below, the heading of this section does not identify it as a counterclaim but merely says "Regarding Rule 801 and 804 TDRPC." Further, the arguments are clearly made as explanations for WorldPeace's conduct, not as affirmative counterclaims.[17] Accordingly, we find that WorldPeace did not plead a cause of action based on any alleged violation of his right against self-incrimination.

In regards to his alleged counterclaim for "multiple complainants in one disciplinary proceeding," WorldPeace provides no citation at all. Nowhere in his 62–page petition does WorldPeace raise what he denotes on appeal as a counterclaim re-

---

**15.** WorldPeace also lists an allegedly separate cause of action seeking injunctive relief among those not addressed by the summary judgment. This cause is discussed below as it is more relevant to the second argument under issue thirteen. *See* fn.20 *infra*.

**16.** Specifically, WorldPeace addresses the Commission's allegations under Rule 8.04(a)(8), which states:

A lawyer shall not ... fail to timely furnish to the Chief Disciplinary Counsel's office or a district grievance committee a response or other information as required by the Texas Rules of Disciplinary Procedure, un-

less he or she in good faith timely asserts a privilege or other legal ground for failure to do so.

WorldPeace asserted in his pleading that he had a constitutional right to remain silent and thus did not violate Rule 8.04(a)(8) by failing to timely furnish information.

**17.** For example, that section of the pleading concludes: "WorldPeace had a right to remain silent and that is exactly what he did at the grievance portion of the disciplinary process."

garding this issue. Because (1) the defenses WorldPeace identifies were waived at trial, and (2) he did not plead the counterclaims he identifies, WorldPeace's argument that the judgment of disbarment was not final because the motion for summary judgment failed to address certain defenses and counterclaims is without merit.

■■■■ WorldPeace's second argument under issue thirteen is that the Commission did not list in its motion the elements for each cause of action on which it alleged there was no evidence. Because of this omission, he contends, the summary judgment order could not dispose of those claims, and therefore, the judgment of disbarment was interlocutory.[18] However, the Texas Supreme Court has made it clear that finality is assessed based on whether the order or judgment disposes of the entire case and not on whether there was an adequate motion or other legal basis for the disposition. *See Ritzell v. Espeche*, 87 S.W.3d 536, 537–38 (Tex.2002); *Lehmann v. Har–Con Corp.*, 39 S.W.3d

191, 205–06 (Tex.2001).[19] Thus, in considering finality, we do not look to the analytical sufficiency of the motion for summary judgment to determine whether the summary judgment order disposed of WorldPeace's claims; rather, we look to the summary judgment order itself. In this case, the summary judgment order granted the motion for summary judgment on all causes of action identified therein.[20] Accordingly, WorldPeace's arguments that the judgment of disbarment was interlocutory because the trial court improperly granted the motion for summary judgment is without merit. We overrule issue thirteen.

■■■■ In issue fourteen, WorldPeace contends that because the Commission's motion constituted general demurrer, the summary judgment order could not have properly disposed of all claims attacked in the motion; therefore, he argues, the judgment of disbarment was interlocutory.[21] *See* Tex.R. Civ. P. 90 (prohibiting use of general demurrers). He maintains that

18. The motion makes numerous assertions about issues on which the Commission alleged that WorldPeace could provide no evidence. However, WorldPeace offers no specific analysis of how these assertions were deficient or could not be a basis for granting summary judgment. WorldPeace lists the following causes in regard to this argument: (1) violation of his constitutional right to equal protection, (2) violation of his due process rights, (3) right to an award of attorney's fees, (4) unconstitutional range of punishment, (5) the unconstitutionally oppressive, arbitrary, and capricious Rules of Disciplinary Procedure, and (6) sanctions under Rule 13 and the Civil Practice and Remedies Code.

19. In *Lehmann*, the supreme court defined the concept of "final but erroneous" to classify summary judgment orders that are facially final but grant more relief than was requested in the motion for summary judgment. 39 S.W.3d at 200.

20. WorldPeace contends that because he had pleaded a cause of action for injunctive relief

that was not mentioned in the Commission's motion, the motion and the order did not reach that cause of action; therefore, he argues, the judgment was interlocutory. However, in his pleading, WorldPeace explicitly tied the request for injunctive relief to his constitutional claims; indeed, he states in his brief that his constitutional claims were always solely injunctive in nature. These are the very claims the Commission addressed in its motion and that, consequently, the trial court disposed of when it signed the summary judgment order. In other words, in disposing of the constitutional claims, the trial court necessarily also disposed of the request for injunctive relief expressly tied to success on those claims.

21. A "general demurrer" is an allegation by a defendant that a plaintiff has failed to state a cause of action in his or her petition. Black's Law Dictionary 432–33 (6th ed.1990).

the Commission wrongly stated in its motion that the only causes of action he could raise for constitutional violations would fall under Section 1983. 42 U.S.C.A. § 1983 (West 2003). He asserts that his claims were actually state law claims seeking only injunctive relief, citing *City of Beaumont v. Bouillion*, 896 S.W.2d 143 (Tex.1995), *et al.* Although it is unclear exactly what WorldPeace is attempting to argue, he appears to suggest that because the Commission asserted in its motion that the only constitutional claims he could bring would be under Section 1983, this statement was tantamount to saying that he had not stated any other type of claim, thus transforming the motion into a general demurrer. We do not read the motion in such a strict light. In context, the statement appears to be less an attack on any state law cause of action and more an attempt to identify the basis for WorldPeace's causes of action.[22] Clearly, at no point in the motion does the Commission suggest that any of WorldPeace's causes of action should be dismissed because of a failure to state a cause of action. Further, since the motion identifies each of WorldPeace's causes of action verbatim from the language he used, it is clear that the motion attacked each of these causes of action, and thus, the summary judgment order disposed of each of the causes of action. Accordingly, the judgment of disbarment was not interlocutory. We overrule issue fourteen.

## V. Claims Regarding the Trial Court's Orders

In issues nineteen through twenty-four, WorldPeace presents a hodge-podge of ar-

guments relating to the dispository documents: the order of severance, the summary judgment order, and the judgment of disbarment. As indicated below, we have already addressed the merits of many of these issues in our discussion of issue twelve above.

In issue nineteen, WorldPeace contends that the trial court abused its discretion in refusing to clarify its order of severance because it conflicts with the summary judgment order and judgment of disbarment. However, as discussed above, the order of severance is clear in regard to which causes it severed, and it comports with the summary judgment order and the judgment of disbarment. We overrule issue nineteen. In issue twenty-four, WorldPeace contends that the judgment of disbarment does not make sense. As also discussed above, the judgment does make sense, and, by incorporation of the severance order and summary judgment order, it disposes of all causes of action and parties in the lawsuit. Accordingly, issue twenty-four is overruled.

■■■■ In issue twenty, WorldPeace contends that the trial court abused its discretion in carelessly using the legal terms "sever" and "separate" in an oral pre-trial ruling. WorldPeace asserts that the trial court misused or confused these terms when it discussed (1) severing his claims against Lang and Apodaca and (2) considering his counterclaims separately from the rule violations. WorldPeace acknowledges, however, that there is no re-

---

**22.** Indeed, since the trial had already taken place by the time the motion for summary judgment was submitted and the Commission had, in effect, completed the actions that WorldPeace contended violated his constitutional rights, it would have been logical for the Commission's attorneys to conclude that WorldPeace's constitutional claims were for damages under Section 1983 instead of for injunctive relief. WorldPeace also raised each of these claims as defenses available at trial. Thus, it is unclear why he would raise the claims as separate causes of action seeking an injunction instead of as Section 1983 claims for damages.

porter's record before this court referencing the alleged misuse of these terms; thus, we cannot address the merits of WorldPeace's arguments. *See Faubion*, 79 S.W.3d at 265.[23] Further, WorldPeace intimates that the Commission's motion for severance was confusing. As discussed above, we find that the trial court's order of severance and judgment of disbarment incorporating the severance are clear.[24] Accordingly, issue twenty is overruled.

██ In issue twenty-one, WorldPeace contends that the trial court erred in considering the Commission's motion for summary judgment because it was filed with an incorrect cause number. However, WorldPeace offers no argument or citations to the record or to authority in support of this contention. Accordingly, it is waived. *See* Tex.R.App. P. 38.1(h). Issue twenty-one is overruled.

██ In issues twenty-two and twenty-three, WorldPeace argues that the trial court erred in severing his allegedly compulsory counterclaims against Lang and Apodaca.[25] The Rules of Civil Procedure define "compulsory counterclaim" as

any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction....

Tex.R. Civ. P. 97(a). Lang and Apodaca were not parties to the suit until WorldPeace filed his alleged counterclaims against them for quantum meruit (payment of fees).[26] To get around this fact, WorldPeace asserts that in prosecuting the rules violations based on Lang's and Apodaca's complaints, the Commission "stepped into the shoes" of Lang and Apodaca for all purposes connected to the underlying facts. Thus, WorldPeace concludes, his claims against Lang and Apodaca were actually compulsory counterclaims. He cites Rule 4.06(a) of the Rules of Disciplinary Procedure in support of his argument that the Commission takes the place of the complainants in the suit. Tex.R. Disciplinary P. 4.06(a). Although the Rule does require the Commission to exercise "all rights characteristically reposed in a client," it clearly limits the context to "lawyer disciplinary and disability proceedings only." *Id.*[27] Thus, the Commission is not empowered to, and does not, "step into the shoes" of the complaining witness for all

---

**23.** WorldPeace did attach to his brief what purports to be an excerpt from a reporter's record in the case below. However, we cannot consider documents attached as appendices to briefs and must consider a case based solely upon the record filed. *Cherqui v. Westheimer Street Festival Corp.*, 116 S.W.3d 337, 342 n. 2 (Tex.App.-Houston [14th Dist.] 2003, no pet.).

**24.** *See* fn.11 *supra.*

**25.** A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is

not so interwoven with the remaining action that they involve the same facts and issues. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990); *Aviation Composite Technologies*, 131 S.W.3d at 188.

**26.** It should be noted that WorldPeace actually styled the claims against Lang and Apodaca as third-party claims and not counterclaims.

**27.** It should also be noted that Rule 4.06(a) does not impose the duties and obligations of a client on the Commission; for example, the rule presumably would not support holding the Commission liable for unpaid fees.

purposes pertaining to the responding attorney's representation of the complaining witness.

Furthermore, Rule 15.05 provides that a judgment from a disciplinary proceeding is to have no res judicata effect against later claims raised by either the complaining witness or the responding attorney. *Id.* 15.05.[28] The doctrine of res judicata bars a party who fails to assert a compulsory counterclaim in one action from asserting that claim in a later action. *Ingersoll–Rand Co. v. Valero Energy Corp.,* 997 S.W.2d 203, 206–07 (Tex.1999). Since, under Rule 15.05, WorldPeace would not be barred by res judicata from filing his claims against Lang and Apodaca in a separate action, these claims should not be considered compulsory counterclaims.[29] WorldPeace's argument that the trial court erred in severing his claims against Lang and Apodaca is based on an incorrect premise. Accordingly, we overrule issues twenty-two and twenty-three.

### VI. Constitutional Violations

 In issue twenty-five, WorldPeace contends that this court violated his constitutional rights to due process and equal protection by denying his request to obtain a reporter's record free of charge based on alleged pauper status and by denying his request to exceed the fifty-page limitation on appellate briefs. *See generally* Tex. R.App. P. 20.1 (governing claims of indigence on appeal); 38.4 (governing length of appellate briefs and providing that appellate court "may" permit a longer brief); *Great Am. Mortage Corp. v. Plows,* 783 S.W.2d 3, 4–5 (Tex.App.-Fort Worth 1989, order) (discussing reasons for denying request for page extension). Appellant offers no substantive argument, only cursory statements; he also fails to provide citations to the record or to relevant authority for either of his allegations. Consequently, these arguments are not properly briefed. *See* Tex.R.App. P. 38.1(h). We overrule issue twenty-five.

### VII. Conclusion

We modify the trial court's judgment of disbarment by deleting the word "permanently" from the passage discussed above that enjoins WorldPeace from practicing law in Texas and by inserting the phrase "eligible to practice law during the period of disbarment" at the end of that passage. We affirm the judgment as modified.

---

**28.** In the current version of the Rules of Disciplinary Procedure, this provision is now contained in Rule 15.03. Tex.R. Disciplinary P. 15.03, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A–1 (Vernon 2005).

**29.** Stated another way, the fact that Rule 15.05 specifically provides that disciplinary proceedings do not prevent the lawyer and his client from subsequently suing each other based on the same facts underlying the disciplinary proceeding strongly supports the conclusion that Rule 4.06(a) does not mean that the Commission steps into the shoes of the complaining witness for purposes of compulsory counterclaims.