# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00608-CV

**Nina Regalado, Appellant**

**v.**

**U.S. Bank N.A., Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF COMAL COUNTY
### NO. 2010CV0408, HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellee U.S. Bank N.A. filed a petition for forcible detainer in the justice court, asserting that Jose Regalado and pro se appellant Nina Regalado had "been in wrongful possession of the property since the date of a foreclosure sale," attaching a copy of the foreclosure sale deed dated August 3, 2010, and a copy of the notices to vacate sent to the Regalados on August 19, 2010. The record does not reflect that the Regalados filed any documents in justice court, and the court signed a judgment in favor of the Bank. The Regalados appealed to the county court, filing an answer that stated that although the foreclosure sale occurred on August 3, their mortgage servicing company told them to file additional documentation for a loan modification by August 13, and that they filed the requested documents on August 12. The Regalados attached to their answer a copy of the mortgage servicing company's request for documentation, dated July 14, 2010. The

county court signed a judgment granting the Bank possession of the property, and Nina Regalado appealed.[1] We affirm the county court's judgment of possession.

In a letter that we are construing as her brief, Regalado asserts that she was wrongfully evicted, explaining some of the communications she had with her mortgage servicing company from January 2008 until the August 2010 foreclosure sale. She states that after she appealed from the justice court's judgment, "they never served me papers from the court house signed by the Judge like the first time," and that instead, she was locked out of the house.[2]

In a forcible detainer suit, the only issue is which party has the right to possession of the property. *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). Because the justice court lacks jurisdiction to determine title to property, neither it nor the county court on appeal may consider the issue. *Id*. "[I]f the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title" and "neither the justice court, nor the county court on appeal, has jurisdiction." *Id.* at 557-58.

---

[1] Regalado's notice of appeal filed in this Court stated that she and Jose Regalado wished to appeal, but only she signed the notice of appeal. *See* Tex. R. App. P. 9.1(b) (pro se party must sign any document he or she files).

[2] Regalado attached to her brief a number of documents related to her communications with her mortgage company, but we may not consider any documents that do not appear in the clerk's record. *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("we cannot consider documents attached as appendices to briefs and must consider a case based solely upon the record filed"). The appellate record consists only of the clerk's record, and the Bank states in its brief that it "inquire[d] with the trial court, and no reporter's record appears to exist."

Although Regalado contests the propriety of the foreclosure sale, the Bank, as in *Dormady*, showed that it owns the property by virtue of a deed from the foreclosure sale, that Regalado is a tenant at sufferance, and that the Bank has a superior right to immediate possession. *See id.* at 558. Regalado has not asserted that her right to title was so intertwined with the question of possession that the justice and county courts lacked jurisdiction over the case. And even if she had, as in *Dormady*, "[t]he types of cases which preclude forcible detainer actions in justice court because of interconnected title and possession issues are far different than what is present in this case." *Id.* at 558-59 (citing several cases in which question of possession involved determination of claims to title). Whether the foreclosure sale was proper is an issue for a different kind of proceeding than this forcible detainer suit.[3]

We affirm the county court's judgment.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Field

Affirmed

Filed: August 2, 2013

---

[3] The Bank states in its brief that the Regalados "are entitled to bring a separate suit in district court to determine their title questions."

3