**Opinion issued February 13, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-11-00433-CV

_____

## JOSEPH R. WILLIE, II, Appellant

## V.

## COMMISSION FOR LAWYER DISCIPLINE, Appellee

---

### On Appeal from the 113th District Court
### Harris County, Texas
### Trial Court Case No. 2009-24585

---

# MEMORANDUM OPINION ON REHEARING[1]

---

[1] We originally issued our opinion in this appeal on March 5, 2013. Appellant Joseph R. Willie, II has moved for rehearing and en banc reconsideration. We deny the motion for rehearing, withdraw our previous opinion, vacate our judgment, and issue this opinion and the related judgment in their stead. The motion for en banc reconsideration is dismissed as moot. *See Brookshire Bros. v.*

This is an appeal from the district court's judgment suspending appellant Joseph R. Willie, II, from the practice of law for six months, probated for one year. *See* TEX. RULES DISCIPLINARY P. R. 3.16, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A-1 (West 2013). Willie brings five issues, contending (1) the court lacked subject-matter jurisdiction of the allegations in the second amended petition, (2) the court erred in rendering a July 26, 2010 partial summary judgment on violations of Texas Disciplinary Rules of Professional Conduct 1.14(a) and 1.14(c), (3) the court erred in not submitting an inferential-rebuttal instruction on good faith, and (4) the evidence is factually and legally insufficient to support a finding that he violated Texas Disciplinary Rule of Professional Conduct 1.01(b)(1). We affirm.

**Background**

Willie represented Oscar and Denise Taylor, filing suit for them over a business dispute. Willie failed to seek the injunctive relief requested by his clients and did not appear at trial, resulting in the case being dismissed for want of prosecution.

Appellee, the Commission for Lawyer Discipline, brought a disciplinary action against Willie, alleging that he neglected a legal matter, failed to completely carry out obligations owed to his clients, failed to keep the clients reasonably

*Smith*, 176 S.W.3d 30, 40 & n.2 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

informed and promptly comply with reasonable requests for information, and, after termination of representation, failed to take steps to protect the clients' interests. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.01(b)(1)–(2), 1.03(a), 1.15(d), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2013). The Commission filed the disciplinary petition with the Clerk of the Supreme Court of Texas, and a district judge was appointed to preside over the case. *See* TEX. RULES DISCIPLINARY P. R. 3.01, 3.02. The Commission later amended its petition to add allegations that Willie failed to hold his clients' funds separate from his own, i.e., in an IOLTA account, and failed to keep the funds separate until there was an accounting and severance of his and his clients' interests. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.14(a) & (c).

The Commission moved for partial summary judgment on the violations of Texas Disciplinary Rules of Professional Conduct 1.14(a) and 1.14(c), and the court granted that motion. The Commission did not pursue the Rule 1.01(b)(2) issue at trial, and the remaining issues were tried to a jury. After the court directed a verdict in Willie's favor on the Rule 1.15(d) issue, the jury returned a verdict in the Commission's favor on the Rule 1.01(b)(1) issue and in Willie's favor on the 1.03(a) issue. The court rendered a final judgment that Willie violated Rules 1.01(b)(1), 1.14(a), and 1.14(c).

**Discussion**

In his first issue, Willie repeats verbatim his argument from his plea to the jurisdiction that the trial court did not acquire subject-matter jurisdiction over the disciplinary violations alleged in the Commission's second amended disciplinary petition. Willie argues that Texas Disciplinary Rules of Procedure 3.01 and 3.02, which state in part that "[t]he Disciplinary Petition must be filed with the Clerk of the Supreme Court of Texas," are jurisdictional, depriving the Commission of the right to amend its pleadings in the district court to add new allegations of disciplinary violations.

At trial, the Commission responded and cited *WorldPeace v. Commission for Lawyer Discipline*, 183 S.W.3d 451 (Tex. App.—Houston [14th Dist.] 2005, pet. denied), which directly addresses this issue. In *WorldPeace*, the Fourteenth Court of Appeals held that a disciplinary petition could be amended in the district court because Texas Disciplinary Rule of Procedure 3.08(B) incorporated the Texas Rules of Civil Procedure and Texas Rule of Civil Procedure 51 allows a plaintiff to join multiple claims. *WorldPeace*, 183 S.W.3d at 456–57.

On appeal, Willie does not cite or discuss *WorldPeace*. Furthermore, as the Texas Supreme Court reiterated in *Dubai Petroleum Co. v. Kazi*, the district court is the court of general jurisdiction that has subject-matter jurisdiction over all claims unless the legislature or congress provides otherwise. 12 S.W.3d 71, 75

4

(Tex. 2000). As we agree with the Fourteenth Court's holding that the district court has subject-matter jurisdiction over amendments to a disciplinary petition filed in that court, we overrule issue one.

In his second and third issues, Willie contends the trial court erred in rendering a July 26, 2010 partial summary judgment on violations of Texas Disciplinary Rules of Professional Conduct 1.14(a) and 1.14(c). Willie's appellate brief is, with minor revisions, his response to the Commission's motion for partial summary judgment. His arguments under these two issues appear to be that no competent summary-judgment evidence exists that his IOLTA account contained any client funds (relating to the Texas Disciplinary Rule of Professional Conduct 1.14(a) violation), that he commingled his and his clients' funds (relating to the Rule 1.14(c) violation), and, in any event, that the allegations that he commingled funds are "an unsubstantiated legal conclusion."

Willie does not dispute that he received $10,000 from his clients and that he did not deposit this money in his IOLTA account. Instead, he relies on the contract between him and his clients that describing the $10,000 as a "non-refundable retainer." The contract further provides that the "[r]etainer will be billed at a rate of $200.00 per hour."

The Commission argues that the $10,000 was not a true retainer, but instead an advance fee that should have been placed in an IOLTA account. We agree.

Relying on an ethics opinion, the Austin Court of Appeals has distinguished a true retainer from an advance fee. *Cluck v. Comm'n for Lawyer Discipline*, 214 S.W.3d 736, 739–40 (Tex. App.—Austin 2007, no pet.) (citing Tex. Comm. on Prof'l Ethics, Op. 431, 49 TEX. B.J. 1084 (1986)). A true retainer is not a payment for services, but is paid to secure the lawyer's availability and compensate him for lost opportunities. *Cluck*, 214 S.W.3d at 739–40. Willie cites no summary-judgment evidence that substantiates that other employment would probably have been lost by him by obligating himself to his clients. Instead, he cites his own deposition testimony that he charged the clients a $10,000 nonrefundable retainer which was exhausted at the rate of $200 per hour and that he deposited the full amount into his operating account.

A fee is not earned simply because it is designated as nonrefundable. *Id.* at 740. We hold that the contract and Willie's own testimony establishes that no genuine issue of material fact exists that the $10,000 was an advance fee rather than a true retainer, which was subject to Rule 1.14(a), and that the $10,000 was deposited in Willie's operating account. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Accordingly, we overrule issues two and three.

In his fourth issue, Willie contends the court erred in not submitting an inferential-rebuttal instruction on good faith. In order to preserve a complaint regarding the court's charge, a party must specifically object to the charge before it

6

is read to the jury (either orally or in writing) and obtain a ruling on the objection. *See* TEX. R. CIV. P. 272, 274; *see also State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex. 1992) ("There should be but one test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling."). To be sufficiently specific, the party's objection must identify the claimed error and explain the basis of the party's complaint (e.g., why the court's charge is incorrect). *See* TEX. R. CIV. P. 274; *see also Castleberry v. Branscum*, 721 S.W.2d 270, 276–77 (Tex. 1987). A sufficiently specific objection enables the trial court to understand the party's precise grounds and to rule. *Castleberry*, 721 S.W.2d at 276.

Here, Willie submitted a proposed instruction to the trial court prior to the charge conference which included the following instruction: "You are further instructed that a lawyer that acts in good faith is not subject to discipline for an isolated inadvertent or unskilled act or omission, tactical error, or error in judgment." Willie's only objection at the charge conference was as follows:

> THE COURT: Is there any objection or requested instructional question?
>
> MR. EVANS: Yes, there are. Your Honor, we reviewed the charge and received the ruling of the court that this will, in fact, be the charge; but we would like the record to reflect that our objection relates to the exclusion of our requested 1.01(b) of the Texas Disciplinary Rules of Professional Conduct, Comment 7. That's the

> only objection that we have, and we have filed a proposed charge that contains that.
>
> THE COURT: The respondent's requested proposed jury charge which has been file stamped is denied.

Willie's proposed jury charge was not marked "refused" as required by Texas Rule of Civil Procedure 276.

On appeal, Willie argues that his proposed "good faith" instruction was an "inferential-rebuttal instruction," *see Bed, Bath & Beyond, Inc. v. Urista*, 211 S.W.3d 753, 757 (Tex. 2006) *and Dew v. Crown Derrick Erectors, Inc.*, 208 S.W.3d 448, 450 (Tex. 2006), and that the instruction was also proper because it (1) would have assisted the jury in its deliberations, (2) accurately stated the law, and (3) was supported by the pleadings and evidence. *See Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 855 (Tex. 2009). The record reflects that Willie did not mention any of these cases to the trial court or otherwise explain to the court *why* he was objecting to the lack of a "good faith" instruction. Accordingly, we conclude that Willie's objection was not made with sufficient specificity to preserve this issue for appeal. *See* TEX. R. APP. P. 33.1(a). Issue four is therefore overruled.

In his final issue, Willie contends the evidence is both factually and legally insufficient to support the jury's answer to question 1—that he neglected a legal matter entrusted to him. Willie raised the legal sufficiency issue at trial by a

8

motion for directed verdict and a motion for judgment notwithstanding the verdict, but he did not preserve the factual sufficiency issue by moving for a new trial. *See* TEX. R. CIV. P. 324(b)(2).

In his legal-sufficiency argument, Willie makes the conclusory statement that "[t]here is no testimony the Respondent consciously disregarded any aspect of his legal representation." There is no citation to the record under this issue that addresses the evidence admitted at trial, nor is there an argument that applies the evidence in light of the no-evidence standard of review. *See City of Keller v. Wilson*, 168 S.W.3d 802, 810–11 (Tex. 2005) (stating no-evidence standard). The Commission responds, pointing out the following testimony from Willie: (1) he did not file a vacation letter with the trial court; (2) he did not appear for trial because he believed a settlement agreement would be finalized and the trial would not go forward; (3) he left town for a vacation with the case on the trial docket without a settlement agreement signed by both sides; (4) he never sought an injunction because he determined the Taylors had no legal grounds for seeking one; and (5) he did not file a motion for new trial or a motion to reinstate because he relied on opposing counsel's representations that the parties had settled and because he incorrectly assumed the case was dismissed without prejudice. This evidence, viewed in the light most favorable to the jury's verdict, is legally sufficient to support the jury's answer to question 1. *See id.* We overrule issue five.

9

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.