**Affirmed and Memorandum Opinion filed April 26, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00866-CV

## BASIM MOUSILLI, Appellant

## V.

## NOURA SWEED, Appellee

**On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2020-48880**

## MEMORANDUM OPINION

Appellant Basim Mousilli appeals from a protective order entered against him. Because Moussilli has not shown that the trial court abused its discretion when it denied his motion for new trial, we affirm the trial court's protective order.

### BACKGROUND

It is undisputed that Mousilli and appellee Noura Sweed were married and had two minor children at the time the trial court signed the protective order at

issue in this appeal. Sweed alleged and subsequently testified that Mousilli had been abusive throughout their marriage. Sweed also testified that the abuse worsened during the Covid-19 pandemic and culminated with Mousilli choking her in August of 2020. Sweed further testified that this violence occurred in front of the couple's daughter. Sweed subsequently sought and obtained a temporary ex parte protective order against Mousilli and also sought a final protective order. After a hearing, during which both Sweed and Mousilli testified, the trial court signed a final protective order against Mousilli. The trial court found that family violence had occurred and that it was likely to occur again in the future. The trial court denied the application for a protective order for the two children.

Mousilli filed a motion for new trial arguing, among other things, that he had discovered new evidence which was not discoverable before the protective order hearing.[1] Mousilli did not attach any affidavits or other evidence to his motion for new trial. Mousilli also did not set his motion for new trial for a hearing, instead opting to submit the motion to the trial court without an oral hearing. The trial court denied Mousilli's motion by written order. This appeal followed.

**ANALYSIS**

Mousilli raises a single issue on appeal which we construe as arguing that the trial court abused its discretion when it denied his motion for new trial based on new evidence.[2]

## I.    Standard of review and applicable law

---

[1] Mousilli also asserted that the trial court should grant him a new trial because it improperly admitted evidence during the protective order hearing. Appellant has not raised these evidentiary complaints in his appellate brief.

[2] Mousilli's issue on appeal as stated in his opening brief provides: "Whether the Final Protective Order issued by the trial court against Appellant should be overturned based on new evidence."

The Family Code provides for issuance of a protective order if the trial court finds that family violence has occurred and is likely to occur in the future. Tex. Fam. Code § 81.001. "Family violence" is defined, in pertinent part, as an

> act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself.

Tex. Fam. Code § 71.004(1). "Family" is defined to include individuals who are married. Tex. Fam. Code § 71.003.

Whether to grant or deny a motion for new trial based on newly discovered evidence is within the trial court's discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). A party seeking a new trial on grounds of newly discovered evidence must demonstrate to the trial court that (1) the evidence has come to his knowledge since the trial, (2) his failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted. *Id.* We review the denial of such a motion for abuse of discretion. *Id.* The test for abuse of discretion is whether the trial court acted arbitrarily or without reference to guiding legal principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

## II. Mousilli has not established that the trial court abused its discretion when it denied his motion for new trial.

As mentioned above, Mousilli did not attach any affidavits or other evidence to his motion for new trial.

Mousilli's allegations contained in his motion for new trial are insufficient to

3

obtain a new trial. *Bell v. Showa Denko K.K.*, 899 S.W.2d 749, 757 (Tex. App.—Amarillo 1995, writ denied). Instead, to obtain a new trial based on newly discovered evidence, Mousilli was required to introduce admissible evidence during a hearing on his motion for new trial establishing that (1) he did not have prior knowledge of the alleged new evidence, (2) his failure to discover the evidence prior to the protective order hearing was not due to his lack of diligence, and (3) the nature of the allegedly newly discovered evidence. *Aldous v. Bruss*, 405 S.W.3d 847, 856–57 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Villareal v. Villareal*, No. 14-03-00577-CV, 2004 WL 1381025, at *2 (Tex. App.—Houston [14th Dist.] June 22, 2004, no pet.) (mem. op.). Because Mousilli failed to attach any evidence to his motion or submit evidence to the trial court during a hearing on the motion, we conclude he has failed to establish that the trial court abused its discretion when it denied his motion for new trial.[3] We overrule Mousilli's issue on appeal.

---

[3] Appellant did attach various exhibits to his appellate briefing in this case, none of which are included in the appellate record. We may not consider these exhibits in resolving Mousilli's appeal. *See Niti Prop., LLC v. Arthur*, No. 14-20-00770-CV, 2022 WL 220209, at *3 (Tex. App.—Houston [14th Dist.] Jan. 25, 2022, no pet.) (mem. op.) ("The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal, and, therefore, the documents cannot be considered."); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("[W]e cannot consider documents attached as appendices to briefs and must consider a case based solely upon the record filed.").

## CONCLUSION

Having overruled Mousilli's sole issue on appeal, we affirm the trial court's protective order.

/s/ Jerry Zimmerer
   Justice

Panel consists of Justices Wise, Zimmerer, and Poissant.