**Affirmed and Memorandum Opinion filed February 7, 2023.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-21-00271-CV**

_____

**KENNETH L. SUGG, JR. AND MARINA F. CASTILLO SUGG, Appellants**

**V.**

**LAKEISHA  RANDLE, Appellee**

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2019-25325**

## M E M O R A N D U M   O P I N I O N

This appeal concerns ownership rights in a piece of real property. Appellants Kenneth L. Sugg and Marina F. Castillo Sugg appeal from the trial court's final judgment, which held that appellee Lakeisha Randle has superior title to the property subject to the Suggs' purchase money lien against the property. In a single issue, the Suggs contend the trial court erred in holding that Randle had title to and was entitled to possession of the property. We affirm.

## Background

Randle filed the present lawsuit, which she variously described as an "action to quiet title pursuant to Article V, Section 8 of the Texas Constitution and Section 26.043(8) of the Texas Government Code" and "an action for Trespass to Try Title under Chapter 22 of the Texas Property Code, and Rules 783 et seq., of the Texas Rules of Civil Procedure," and the case proceeded to a bench trial. In its findings of fact, the trial court stated as follows:

- The Suggs have a purchase money lien on the property in question pursuant to a deed of trust with Patricia Ann Western as grantor.

- Randle purchased the property at a foreclosure sale after Western defaulted on her homeowner's association assessments.

- Randle purchased the property subject to the purchase money lien held by the Suggs.

- The Suggs presented no evidence that they have foreclosed on their lien.

- The Suggs, either personally or through their representatives, illegally entered the property and illegally dispossessed Randle of her property.

In its conclusions of law, the trial court stated that Randle "holds superior title to the property . . . and is the sole and rightful owner entitled to possession" but her title is "subject to [the Suggs'] purchase money lien." In its judgment, the trial court reiterated that Randle has superior title and is the sole owner entitled to possession but that her title is subject to the Suggs' purchase money lien.

## Discussion

The Suggs represented themselves pro se in the trial court and do so in this

appeal as well. We hold pro se litigants and appellants to the same standards as licensed attorneys, and they must comply with applicable laws and procedures. *See, e.g.*, *Rogers v. City of Houston*, 627 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2021, no pet.). That said, we must also construe the Suggs' brief liberally and reasonably to address their appellate issues on the merits to the extent possible. *See Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 162 (Tex. 2012); *Harrison v. Reiner*, 607 S.W.3d 450, 457 (Tex. App.—Houston [14th Dist.] 2020, pet. denied).

As stated, in their sole issue, the Suggs contend the trial court erred in holding Randle had title to and was entitled to possession of the real property. Under this issue, the Suggs make two sets of arguments, asserting that (1) Randle incorrectly argued that the Suggs' lien had been forfeited, and (2) the Suggs were not required to provide notice to Randle before foreclosing on the property but did so anyway. We will discuss each set of arguments in turn.

The Suggs first argue that Randle incorrectly asserted in the trial court that the Suggs' lien was forfeited when they failed to redeem it during the redemption period pursuant to Texas Property Code section 209.011. The Suggs do not cite where in the record Randle made that argument, but irrespective of whether or when Randle made the argument, the trial court certainly did not hold that the Suggs' lien had been forfeited. To the contrary, the trial court stated in its findings of fact and conclusions of law and in its judgment that the Suggs retain a purchase money lien on the property and Randle's title is subject to that lien. Because the trial court ruled in the Suggs' favor in regards to the subject of the first set of arguments, those arguments present nothing for our review. *Cf. Matter of Marriage of Mouret*, 14-20-00050-CV, 2021 WL 1184190, at *2 (Tex. App.—Houston [14th Dist.] Mar. 30, 2021, no pet.) (holding argument trial court abused its discretion in

resurrecting a default judgment presented nothing for review when there was no order in the record purporting to revive the default judgment).

The Suggs next argue that they sent notice to Randle before the alleged foreclosure sale on their lien. They note that Randle's petition asserted that they failed to provide her with notice of default, acceleration, a right to cure, or the sale. The Suggs contend that although they were not required to provide Randle with notice under either the deed of trust or Property Code section 51.002, they did so anyway. The Suggs, however, do not explain how these assertions relate to the trial court's judgment or any holding the trial court made. *See generally* Tex. R. App. P. 44.1(a) (explaining that no judgment may be reversed in a civil case on the ground that the trial court made an error of law unless the error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to the court of appeals). Indeed, the trial court did not make any express or implied finding either that Randle was entitled to notice of the foreclosure sale or that the Suggs failed to provide any required notice. The only mention the trial court made regarding a foreclosure by the Suggs is in its findings of fact, wherein the court explained that "[t]he court finds that no evidence was presented by [the Suggs] that their purchase money lien was ever foreclosed upon."

Although not cited or specifically referenced by the Suggs, the trial record contains a letter addressed to Randle from an attorney purporting to represent the Suggs. In the letter, the attorney states, "My client has initiated foreclosure of its [sic] lien due to non-payment. . . . My client's foreclosure will terminate your ownership interests." The letter does not contain any additional specifics regarding a foreclosure by the Suggs, and the Suggs do not assert in this appeal that the letter—or any other notice allegedly provided to Randle—was evidence that a foreclosure occurred. We will not make that argument for them. *See Rogers*, 627

4

S.W.3d at 787-88.

The Suggs additionally attach several documents to their brief that were not introduced as exhibits at trial. Although the Suggs do not attempt to explain the importance of these documents in their brief, even if they did, we do not consider new evidence attached to a brief. *See, e.g.*, *WorldPeace v. Comm'n for Law. Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). We find no merit in the Suggs' second set of arguments.

Having found no merit in any of the Suggs' arguments, we overrule their sole issue and affirm the trial court's judgment.

/s/ Frances Bourliot
   Justice

Panel consists of Justices Jewell, Bourliot, and Zimmerer.