# NO. 12-13-00206-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 273RD* |
| *A. S. AND H. S.,* | § | *JUDICIAL DISTRICT COURT* |
| *CHILDREN* | § | *SAN AUGUSTINE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

L.T. appeals the termination of her parental rights. In six issues, she challenges the order of termination. We affirm.

### BACKGROUND

L.T. is the mother of A.S., born December 10, 2000, and H.S., born September 20, 2001. T.S. is the father of the children and is not a party to this appeal. On July 12, 2012, the Department of Family and Protective Services (the Department) filed an original petition for protection of A.S. and H.S., for conservatorship, and for termination of L.T.'s parental rights. The Department was appointed temporary managing conservator of the children, and L.T. was appointed temporary possessory conservator with limited rights and duties, including visitation.

At the conclusion of the trial on the merits, the jury found, by clear and convincing evidence, that L.T. had engaged in one or more of the acts or omissions necessary to support termination of her parental rights; more specifically, subsections (D), (E), (K), (L), (N), (O), and (Q) of Texas Family Code Section 161.001(1). The jury also found that termination of the parent-child relationship between L.T., A.S., and H.S. was in the children's best interest. Based on these findings, the trial court ordered that the parent-child relationship between L.T., A.S., and H.S. be terminated. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

As part of her first, second, third, and fourth issues, L.T. contends that the evidence is legally insufficient to support the jury's finding that her parental rights to the children should be terminated, and that termination of the parent-child relationship was in the children's best interest. A no evidence complaint is preserved through one of the following: (1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission of the issue to the jury; (4) a motion to disregard the jury's answer to a vital fact issue; or (5) a motion for new trial. *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 220 (Tex. 1992); *see also In re D.J.J.*, 178 S.W.3d 424, 426-27 (Tex. App.—Fort Worth 2005, no pet). L.T. did not file a motion for instructed verdict, a motion for new trial, or any of the other motions necessary to preserve her legal sufficiency challenges. Therefore, she has waived the right to complain about the legal sufficiency of the evidence to support the jury's findings.

As part of her first, second, third, and fourth issues, L.T. also contends that the evidence is factually insufficient to support the jury's findings that her parental rights to the children should be terminated, and that termination of the parent-child relationship was in the children's best interest. A point in a motion for new trial is a prerequisite to a complaint of factual insufficiency of the evidence to support a jury finding. *In re A.J.L.*, 136 S.W.3d 293, 301 (Tex. App.—Fort Worth 2004, no pet.); TEX. R. CIV. P. 324(b)(2); *see also In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003) (applying Texas Rule of Civil Procedure 324(b)(2) requiring a motion for new trial to preserve a complaint of factual sufficiency of evidence to support jury finding in parental termination cases). L.T. did not file a motion for new trial. Therefore, she has waived the right to complain about the factual sufficiency of the evidence to support the jury's findings.

Accordingly, we overrule L.T.'s first, second, third, and fourth issues.[1]


## OTHER ISSUES

In her fifth issue, L.T. asserts that the jury was "unduly" prejudiced against her even though she and the father of the children committed the same criminal offense while the children were in their custody. She points out that both of them received probation for this offense and both of them had their probation revoked. L.T. concludes by citing Section 153.191 of the Texas

---

[1] There is no claim that failure to preserve error was unjustifiable or the result of ineffective assistance of counsel. *See In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005).

Family Code for the proposition that there is a rebuttable presumption that she was "entitled" to be appointed possessory conservator of the children.

In her sixth issue, L.T. contends that the jury foreman's statement to the trial court that "[w]e just wanted to make sure you sent us a Christmas card" constituted "an express collective bias of the jury involved in their deliberations to reach a verdict." L.T.'s entire argument is one sentence in which she states that she "firmly" believes that this issue, "though unsupported with case law holdings, should be brought" to this court's attention.

Rule 38.1 of the Texas Rules of Appellate Procedure sets forth what must be included in an appellant's brief. *See* TEX. R. APP. P. 38.1. Rule 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). The appellate court has no duty to brief issues for an appellant. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). The failure to provide appropriate record citations or a substantive analysis waives an appellate issue. *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding that failure to offer argument, citations to record, or citations to authority waives issue on appeal); *Med. Specialist Group, P.A. v. Radiology Assocs., L.L.P.*, 171 S.W.3d 727, 732 (Tex. App.—Corpus Christi 2005, pet. denied) (same); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (holding appellate court has discretion to deem issues waived due to inadequate briefing). References to sweeping statements of general law are rarely appropriate. *Bolling v. Farmers Branch Ind. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.). Appellate courts must construe briefing requirements reasonably and liberally, but a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support its contentions. *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). Were we to do so, we would be abandoning our role as neutral adjudicators and become an advocate for that party. *Id.* In this case, L.T. does not provide any citations to the record in her fifth issue. Further, she does not provide any substantive legal analysis or any citations to authority in support of her complaints in her fifth and sixth issues. She contends that the jury's actions were unduly prejudicial or showed the jurors were "collective[ly]" biased against her without referring to or providing any legal authority or analysis

3

to support her claims.  *See Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.) (stating that "merely uttering brief conclusory statements" is not a discussion of the facts and authorities relied upon contemplated by Rule 38).  In the absence of any legal analysis, citations to the record in her fifth issue, and citations to appropriate authorities in her fifth and sixth issues, L.T. presents nothing for our review regarding these complaints.  *See WorldPeace*, 183 S.W.3d at 460; *Med. Specialist Group*, 171 S.W.3d at 732.

Moreover, as a predicate to presenting a complaint on appeal, the complaining party must have preserved the error at trial by a proper request, objection, or motion stating the grounds for the ruling that the party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, and then securing a ruling on the request, objection, or motion.  *See* TEX. R. APP. P. 33.1(a)(1)(A), (2); *K.M. v. Tex. Dep't of Family & Protective Servs.*, 388 S.W.3d 396, 405 (Tex. App.—El Paso 2012, no pet.).  Appellate review of potentially reversible error in a parental termination case never presented to a trial court undermines the legislature's dual intent to ensure finality in these cases and expedite their resolution.  *In re B.L.D.*, 113 S.W.3d 340, 353 (Tex. 2003).  Further, a point in a motion for new trial is a prerequisite to a complaint of jury misconduct.  TEX. R. CIV. P. 324(b)(2).

Here, L.T. did not complain to the trial court that the jury was unduly prejudiced against her for committing the same criminal offense as the children's father and not appointing her as possessory conservator of the children or that the jurors were collectively biased against her in their deliberations as expressed by the jury foreman's comment to the trial court.  Nor did she file a motion for new trial complaining about jury misconduct. Consequently, she waived her fifth and sixth issues on these bases as well.  *See* TEX. R. APP. P. 33.1(a)(1)(A), (2); TEX. R. CIV. P. 324(b)(2).

Accordingly, we overrule L.T.'s fifth and sixth issues.


## DISPOSITION

Having overruled all of L.T.'s issues, we *affirm* the judgment of the trial court.


SAM GRIFFITH
Justice

Opinion delivered May 14, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)


4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### MAY 14, 2014

### NO. 12-13-00206-CV

### IN THE INTEREST OF A. S. AND H. S., CHILDREN,

Appeal from the 273rd District Court

of San Augustine County, Texas (Tr.Ct.No. CV-12-9379)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*