**Opinion filed January 9, 2025**



## In The

# Eleventh Court of Appeals

_____

## No. 11-23-00150-CV

_____

## IN THE INTEREST OF K.A., U.A., AND A.A., CHILDREN

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 025620**

### M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court's final order in an original suit affecting the parent-child relationship in which it designated Appellees, S.P. and E.P, as the sole managing conservators of the children and Appellant R.F., and J.A. as possessory conservators. Appellant purportedly challenges the trial court's rulings, complaining that it abused its discretion in making these determinations because she did not abandon the children as Appellees alleged.

Appellant appears pro se on appeal. Therefore, we construe her brief liberally. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Aaron v.*

*Fisher*, 645 S.W.3d 299, 312 (Tex. App.—Eastland 2022, no pet.). Despite this, Appellant, in proceeding in such a capacity, is nonetheless held to the same standards as licensed attorneys and is required to comply with all applicable laws and rules of procedure. *Mansfield State Bank*, 573 S.W.2d at 184–85 (recognizing that acting pro se is not a license of noncompliance to the relevant rules of procedural and substantive law); *Barrientos v. Barrientos*, 675 S.W.3d 399, 404 n.2 (Tex. App.—Eastland 2023, pet. denied) ("[W]e hold pro se litigants to the same standards as licensed attorneys and require them to be familiar with and comply with all applicable laws and rules of procedure."); *Aaron*, 645 S.W.3d at 312.

Irrespective of Appellant's pro se status, the Texas Rules of Appellate Procedure require that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *see Barrientos*, 675 S.W.3d at 412–13; *Dipprey v. Double Diamond, Inc.*, 637 S.W.3d 784, 814–15 (Tex. App.—Eastland 2021, no pet.). Here, Appellant's brief is deficient and contains none of the requirements mandated by Rule 38.1(i). In fact, her brief is devoid of any citations to the record or to any legal authority that could conceivably develop or support her arguments on appeal. To the contrary, and without references to the record, Appellant's brief only contains a brief "summary" and exhibits that include copies of electronic transmissions between her and others, "character" witness statements, and other materials that do not appear in the record. Thus, even if Appellant's brief did comply with the requirements of Rule 38.1(i), we may not consider "evidence" or other documents that are attached as exhibits to an appellate brief. *See Children of the Kingdom v. Central Appraisal Dist. of Taylor Cnty.*, 674 S.W.3d 407, 415 n.3 (Tex. App.—Eastland 2023, pet. denied); *Creekside Rural Invs., Inc. v. Hicks*, 644 S.W.3d 896, 906 n.5 (Tex. App.—Eastland 2022, no pet.); *Bell v. State for S.E.G.*, 659 S.W.3d 21, 24 (Tex. App.—El Paso 2021, pet. denied); *WorldPeace v. Comm'n for Lawyer*

*Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

We are not required to search the record to identify the alleged errors of which Appellant complains. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283 (Tex. 1994). In this case, Appellant's brief fails to: (1) cite to the record; (2) cite any applicable legal authority; or (3) provide any substantive analysis of the complaint which she attempts to advance on appeal. Because Appellant's brief is deficient, inadequate, and fails to comply with the requirements of Rule 38.1(i), Appellant has waived her purported complaint on appeal. As such, she presents nothing for our review. *See Horne v. Atmos Energy Corp.*, No. 11-22-00325-CV, 2024 WL 4795278, at *2–3 (Tex. App.—Eastland Nov. 15, 2024, no pet. h.) (mem. op.); *Dipprey*, 637 S.W.3d at 814–15; *Matter of Estate of Ethridge*, 594 S.W.3d 611, 617 (Tex. App.—Eastland 2019, no pet.) (overruling the issue raised because "[a]ppellant failed to appropriately cite to . . . the record" in support of the issue and argument); *Lowry v. Tarbox*, 537 S.W.3d 599, 620 (Tex. App.—San Antonio 2017, pet. denied) ("[F]ailure to offer argument, provide appropriate record citations, or a substantive analysis waives an appellate issue.").

Accordingly, we affirm the order of the trial court.


W. STACY TROTTER
JUSTICE


January 9, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.